# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MATTHEW SCHMITT, individually
and on behalf of all others similarly
situated,

               Plaintiff,

      v.

NEWELL BRANDS and GRACO
CHILDREN'S PRODUCTS INC.


             Defendants.

**Motion Date: February 16, 2021
Oral Argument Requested**

Case No. 3:20-cv-16240-MAS-LHG


**DEFENDANTS NEWELL BRANDS INC. AND GRACO CHILDREN'S
PRODUCTS INC.'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

i

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................1

BACKGROUND ................................................................................5

ARGUMENT ................................................................................6

I.   PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE HE LACKS ARTICLE III STANDING .....................7

    A.   Plaintiff Suffered No Injury In Fact to Establish Standing for the Alleged "Depreciated" Value of the Car Seats .............................7

    B.   Plaintiff Cannot Allege Any Injury in Fact as to Products for Which He Paid No Money ...............................................................11

    C.   Plaintiff Lacks Standing to Seek Injunctive Relief Because He Cannot Show an Actual and Imminent Future Injury .......................13

II.  PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NEW JERSEY CONSUMER FRAUD ACT OR FOR COMMON LAW FRAUD ................................................................................16

    A.   Plaintiff Has Not Pled his NJCFA or Common Law Fraud Claims with Particularity as Required by Rule 9(b) .........................16

    B.   Plaintiff Has Not Pled an Actual and Ascertainable Loss Required for Recovery Under the NJCFA .........................................19

    C.   Plaintiff Has Not Pled the Required Elements for a Prima Facie Common Law Fraud Case ................................................................21

III. PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM SHOULD BE DISMISSED BECAUSE HE HAS NOT PLED ANY MISPRESENTATIONS ................................................................23

IV.  PLAINTIFF'S BREACH OF WARRANTY CLAIMS FAIL AS A MATTER OF LAW...............................................................................24

    A.   Plaintiff Has Not Alleged any Express Warranty that Defendants Breached................................................................24

    B.   Plaintiff Has Not Made Out a Prima Facie Case for Breach of Implied Warranty Because He Has Not Alleged Facts that the Car Seats Are Not Merchantable........................................................25

i

V.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM MUST BE
      DISMISSED ........................................................................................27

      A.    New Jersey Does Not Recognize Unjust Enrichment as an
            Independent Tort Cause of Action ......................................................27

      B.    Plaintiff Cannot Sustain an Unjust Enrichment Claim for the
            Car Seat He Received as a Gift ...........................................................28

VI.   PLAINTIFF'S CAUSE OF ACTION FOR "MONEY HAD AND
      RECEIVED" SHOULD BE DISMISSED AS DUPLICATIVE OF
      HIS UNJUST ENRICHMENT CLAIM........................................................29

CONCLUSION .................................................................................................30

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adarand Constructors, Inc. v. Pena*,
515 U.S. 200 (1995)....................................................................................8

*Alexander v. CIGNA Corp.*,
991 F. Supp. 427 (D.N.J. 1998).............................................................23

*Arcand v. Brother Intern. Corp.*,
673 F. Supp. 2d 282 (D.N.J. 2009)...............................................19, 20

*Argabright v. Rheem Mfg. Co.*,
201 F. Supp. 3d 578 (D.N.J. 2016)........................................................26

*Banco Popular North America v. Gandi*,
184 N.J. 161 ...............................................................................................21

*F.D.I.C. v. Bathgate*,
27 F.3d 850 (3d Cir. 1994) ......................................................................16

*Blystra v. Fiber Tech Group, Inc.*,
407 F. Supp. 2d 636 (D.N.J. 2005).......................................................27

*Bosland v. Warnock Dodge, Inc.*,
197 N.J. 543 (N.J. 2009)...........................................................................18

*In re Canon Cameras Litig.*,
237 F.R.D. 357 (S.D.N.Y. 2006) ...........................................................10

*Castro v. NYT Television*,
370 N.J. Super. 282 (N.J. App. Div. 2004) ........................................27

*Chen v. Cline*,
Civ. No. 12-3051, 2013 WL 776238 (D.N.J. Feb. 27, 2013)............29

*Cipollone v. Liggett Grp., Inc.*,
893 F.2d 541 (3d Cir. 1990), *rev'd* on other grounds, 550 U.S. 504
(1992).............................................................................................................12

*Citizens United Recoprocal Exchange v. Meer*,
    321 F. Supp. 3d 479 (D.N.J. 2018) ....................................................................16

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ............................................................................................14, 15

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ............................................................................... 1

*Coda v. Constellation Energy Power Choice, LLC*,
    409 F. Supp. 3d 296 (D.N.J. 2019) ....................................................................19

*Comite de Apoyo a los Trabajadores Agricolas v. Perez*,
    148 F. Supp. 3d 361 (D.N.J. 2015) ....................................................................13

*Cooper v. Samsung Elecs. Am. Inc.*,
    Civ. No. 07-3853, 2008 WL 4513924 (D.N.J. Nov. 14, 2012) .........................28

*Dempsey v. Pistol Pete's Beef N Beer, LLC*,
    Civ. No. 08-5454, 2009 WL 3584597 (D.N.J. Oct. 26, 2009) ..........................14

*DiMuro v. Clinique Labs., LLC*,
    572 Fed. Appx. 27 (2d Cir. 2014) .......................................................................17

*DSK Enterprises, Inc. v. United Jersey Bank*,
    189 N.J. Super. 242 (N.J. App. Div. 1983) ........................................................21

*Dugan v. TGI Fridays, Inc.*,
    231 N.J. 24 (N.J. 2017) .......................................................................................18

*Finkelman v. Nat'l Football League*,
    810 F.3d 187 (3d Cir. 2016) ................................................................................. 7

*Francis E. Parker Memorial Home, Inc. v. Georgia-Pacific LLC*,
    945 F. Supp. 2d 543 (D.N.J. 2013) ....................................................................16

*Franulovic v. Coca Cola Co.*,
    Civ. No. 07-828, 2007 U.S. Dist. LEXIS 79732 (D.N.J. 2007) .........................20

*Frederico v. Home Depot*,
    507 F.3d 188 (3d Cir. 2007) .........................................................................16, 17

iv

*Gennari v. Weichert Co. Realtors*,
148 N.J. 582 (N.J. 1997) ...............................................................................18, 21

*Hassler v. Sovereign Bank*,
374 Fed. Appx. 341 (3d Cir. 2010) ...................................................................19

*Hollingsworth v. Perry*,
570 U.S. 693 (2013) ..........................................................................................13

*In re: Horizon Healthcare Servs. Inc. Data Breach Litig.*,
846 F.3d 625 (3d Cir. 2017) .............................................................................13

*Iliadis v. Wal-Mart Stores, Inc.*,
191 N.J. 88 (N.J. 2007) .....................................................................................28

*Intarome Fragrance & Flavor Corp. v. Zarkades*,
Civ. No. 07-873, 2009 WL 1653141 (D.N.J. June 9, 2009) ..............................23

*James v. Harrah's Resort Atlantic City*,
Civ. No. 14-5434, 2016 WL 7408845 (D.N.J. Dec. 22, 2016) ..........................24

*Jewish Ctr. of Sussex County v. Whale*,
86 N.J. 619 (N.J. 1981) .....................................................................................21

*In re Johnson & Johnson Talcum Powder Prod. Marketing, Sales
Practice, & Liab. Litig.*,
903 F.3d 278 (3d Cir. 2018) ..............................................................................10

*Kaufman v. i-Stat Corp.*,
165 N.J. 94 (N.J. 2000) .....................................................................................23

*Lewis v. Casey*,
518 U.S. 343 (1996) ..........................................................................................12

*Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*,
171 F.3d 818 (3d Cir. 1999) ..............................................................................25

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ..........................................................................7, 8, 11, 15

*Maniscalco v. Brother Intern. Corp. (USA)*,
627 F. Supp. 2d 494 (D.N.J. 2009) ...................................................................28

v

*McNair v. Synapse Group Inc.*,
   672 F.3d 213 (3d Cir. 2012) ..............................................................14

*Mendez v. Shah*,
   94 F. Supp. 3d 633 (D.N.J. 2015) .......................................................25

*Mladenov v. Wegmans Food Markets, Inc.*,
   124 F. Supp. 3d 360 (D.N.J. 2015) .....................................................17

*N.J. Physicians, Inc. v. Pres. of U.S.*,
   653 F.3d 234 (3d Cir. 2011) ................................................................7

*New York Pipeline Mech. Contractors, LLC v. Sabema Plumbing &*
   *Heating Co., Inc.*,
   Civ. No. 10-148, 2012 WL 209349 (D.N.J. Jan. 24, 2012) .................29

*O'Neil v. Simplicity, Inc.*,
   574 F.3d 501 (8th Cir. 2009) ..............................................................10

*Ponzio v. Mercedes-Benz USA, LLC*,
   447 F. Supp. 3d 194 (D.N.J. 2020) ...............................................1, 19

*Read v. Profeta*,
   397 F. Supp. 3d 597 (D.N.J. 2019) .....................................................21

*In re: Riddell Concussion Reduction Litig.*,
   121 F. Supp. 3d 402 (D.N.J. Aug. 3, 2015) ........................................29

*Sanchez-Garcia v. U.S.*,
   802 Fed. Appx. 37 (3d Cir. 2020) .......................................................11

*Sheris v. Nissan N. America Inc.*,
   Civ. No. 07-2516, 2008 WL 2354908 (D.N.J. June 3, 2008) .............26

*Simmons v. Stryker Corp.*,
   Civ. No. 08-3451, 2008 WL 4936982 (D.N.J. Nov. 17, 2008) ..........24

*Smajlag v. Campbell Soup Co.*,
    782 F. Supp. 2d 84 (D.N.J. 2011) ......................................................16

*Snyder v. Farnam Cos., Inc.*,
   792 F. Supp. 2d 712 (D.N.J. 2011) .....................................................24

*Spokeo, Inc. v. Robins*,
    --- U.S. ---, 136 S. Ct. 1540 (2016)................................................................7, 11

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*,
    171 F.3d 912 (3d Cir. 1999) ...............................................................27

*Steel Co. v. Citizens for Better Env't*,
    523 U.S. 83 (1998).................................................................................7

*Suber v. Chrysler Corp.*,
    104 F.3d 578 (3d Cir. 1997) ...............................................................18

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009).............................................................................13

*Tawil v. Ill. Tool Works, Inc.*,
    Civ. No. 15-8747, 2016 WL 4260791 (D.N.J. Aug. 11, 2016).........15

*Thiedemann v. Mercedes-Benz USA, LLC*,
    183 N.J. 234 (N.J. 2005).....................................................................19

*Thole v. U.S. Bank N.A.*,
    140 S. Ct. 1615 (2020)........................................................................12

*Thorne v. Pep Boys Manny Moe & Jack Inc.*,
    980 F.3d 879 (3d Cir. 2020) ...............................................................12

*Town of Chester v. Laroe Estates, Inc.*,
    --- U.S. ---, 137 S. Ct. 1645 (2017)....................................................13

*Urbino v. Ambit Energy Holdings, LLC*,
    Civ. No. 14-5184, 2015 WL 4510201 (D.N.J. July 24, 2015) ..........19

*US LEC Communications LLC v. Qwest Communications Co., LLC*,
    Civ. No. 10-4106, 2011 WL 2474262 (D.N.J. June 20, 2011)..........29

*VRG Corp. v. GKN Realty Corp.*,
    135 N.J. 539 (N.J. 1994)....................................................................28

*Warma Witter Kreiser, Inv. v. Samsung Electronics America, Inc.*,
    Civ. No. 08-5380, 2009 WL 4730187 (D.N.J. Dec. 3, 200) ............27

*Whitmore v. Arkansas*,
495 U.S. 149 (1990)............................................................................7

*Yost v. Gen. Motors Corp.*,
651 F. Supp. 656 (D.N.J. 1986)........................................................26

*In re: Zappos.com, Inc.*,
108 F. Supp. 3d 949 (D. Nev. 2015)...................................................9

*ZF Meritor, LLC v. Eaton Corp.*,
696 F.3d 254 (3d Cir. 2012) .....................................................13, 14

**Statutes**

N.J.S.A. 12A:2-314(2) ........................................................................26

N.J.S.A. 56:8-1 ....................................................................................3

N.J.S.A. 56:8-2 ...............................................................................3, 18

N.J.S.A. 56:8-19 ................................................................................19

N.J. Stat. § 12A:2-314 ....................................................................4, 25

**Other Authorities**

Fed. R. Civ. P. 8 ..................................................................................1

Fed. R. Civ. P. 9(b) .....................................................1, 3, 16, 17, 18

Fed. R. Civ. P. 12(b)(1)...........................................................1, 2, 7, 30

Fed. R. Civ. P. 12(b)(6)................................................................1, 2, 30

Defendants Graco Children's Products Inc. ("Graco") and Newell Brands Inc.[1] ("Newell") (collectively, "Defendants") respectfully move to dismiss the Complaint filed by Plaintiff Matthew Schmitt ("Plaintiff") on November 16, 2020, in its entirety pursuant to Fed. R. Civ. P. 8, 9(b), 12(b)(1), and 12(b)(6).  This motion is based on the following memorandum of law, the pleadings and papers on file, and such other matters that may be presented to the Court at a hearing on the motion.

## INTRODUCTION

Graco sells a variety of children's products, including the car seats that are the subject of this lawsuit.  Like all consumer products, car seats do not last forever.  This does not make them defective.  As this District Court recently explained, "'[e]very manufactured item is defective at the time of sale in the sense that it will not last forever; the flipside of this original sin is the product's useful life.'"  *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 256 (D.N.J. 2020) (*quoting Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008)).  In keeping with this truism, and to help ensure child safety and increase the likelihood that families use the most current restraint technology, Graco advises customers to discard car seats between seven and ten years from the date of manufacture.

---

[1]   Newell Brands Inc. is incorrectly named in the Complaint as "Newell Brands."  Defendants also object to the inclusion of Newell as it is neither a necessary or proper party to this litigation, but rather an indirect corporate parent of Graco.

1

Plaintiff, however, alleges that two Graco car seats he owned (one he received as a gift and one he purchased) were "depreciated" in value because he received them 12 to 18 months after manufacture. Plaintiff bases this entire lawsuit on a supposed loss of "useful life" of these two car seats that can still be used nearly a decade into the future—until 2028 or 2029. Plaintiff seems to expect that all consumer products should be delivered the moment they come off the assembly line, but that is neither practical nor reasonable. In addition, Plaintiff readily acknowledges that Graco informs customers that its car seats must be discarded in seven to ten years. He makes no allegations that the car seats have not performed as intended. Nor does he make any allegations that he has had to discard or replace the car seats. In fact, he can safely use both products for many more years.

Plaintiff's Complaint cannot pass scrutiny under Rules 12(b)(1) and 12(b)(6). Plaintiff lacks standing and has failed to state a claim upon which relief can be granted for each of his causes of action. Defendants therefore respectfully move that the Complaint be dismissed in its entirety, for a number of reasons.

First, Plaintiff lacks constitutional standing to bring this lawsuit because he has not suffered an injury in fact. Plaintiff has not alleged any problems with the products. Rather, he has concocted speculative, non-concrete damages that do not exist now concerning products that can be used until 2028 or 2029. This cannot constitute an injury conferring standing under Article III. Further, Plaintiff has no

standing to bring a lawsuit regarding the Graco car seat that was gifted to him because he paid no money for it and so suffered no loss from any supposed "depreciation."   And Plaintiff lacks standing for the injunctive relief he seeks because the Complaint fails to allege that Plaintiff intends to purchase another Graco car seat in the future.  Thus, there is no risk of any actual and imminent future injury, and so Plaintiff cannot establish standing for injunctive relief.

Second, Plaintiff fails to state a claim under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("NJCFA").   NJCFA claims must be pled with the particularity requirements of Rule 9(b), but Plaintiff has not met this heightened standard.  Additionally, since Plaintiff bases his theory of the case on an *omission* rather than an affirmative act, he also must allege intent by Defendants under N.J.S.A. 56:8-2.  But the Complaint fails to make any such allegations.  Nor has Plaintiff pled an actual and ascertainable loss required to sustain an NJCFA claim.

Third, Plaintiff fails to satisfy the heightened pleading requirements for common law fraud under Rule 9(b) and the requirement to show Defendants' intent or scienter.  The supposedly "fraudulent" statements alleged in the Complaint are accurate on their face and, in any event, Plaintiff makes no claim that he relied on those statements.

Fourth, Plaintiff has not stated a claim for negligent misrepresentation.  None of the statements alleged in the Complaint is incorrect and Plaintiff does not allege,

3

because he cannot, that Graco ever represented that the car seats would be received on the day of manufacture.

Fifth, Defendants have not breached any warranties, express nor implied. The Complaint does not even mention the express warranties provided with the products. Instead, Plaintiff cobbles together a few statements from Graco's website and the owner's manual for the car seat he purchased and claims they somehow constitute an express warranty. But even if they did, Graco did not breach its terms. Moreover, Plaintiff fails to state a *prima facie* case for implied warranty under N.J. Stat. 12A:2-314 because he has not alleged that the car seats are not "merchantable." Indeed, he does not suggest that anything is wrong with the seats at all.

Sixth, Plaintiff fails to state a claim for unjust enrichment. New Jersey does not recognize unjust enrichment as an independent tort, so the unjust enrichment cause of action cannot stand because the breach of warranty claims fail. In addition, with respect to the car seat Plaintiff received as a gift, there can be no unjust enrichment because he paid no money for the product.

Seventh, Plaintiff's cause of action for "money had and received" fails as a matter of law because it is an equitable remedy duplicative of unjust enrichment. It should be dismissed because it is meritless and redundant.

For these reasons and as more fully explained below, the Court should dismiss Plaintiff's Complaint in its entirety.

4

## BACKGROUND

Plaintiff's Complaint acknowledges that Graco alerts consumers that its car seats should be discarded seven to ten years after their date of manufacture. Compl. ¶¶ 16-17.  Indeed, the Graco website "explains that its '[c]ar seats can be used safely only for a defined period of time, typically 7 to 10 years." *Id*. ¶ 17.  Plaintiff also quotes the product manual from one of his car seats, which states:  "STOP using this car seat and throw it away 10 years after the date of manufacture." *Id*. ¶ 16.  And the Complaint admits that Graco affixes a sticker with the date of manufacture to the car seats it sells to ensure that consumers know when to discard them. *Id*. ¶¶ 12, 14.

Plaintiff's daughter was born in January of 2019. *Id.* ¶ 11.  He received a Graco 4Ever 4-in-1 Convertible Car Seat ("Convertible Car Seat") as a gift that month. *Id*. ¶ 12.  That product was manufactured on January 16, 2018, approximately one year before he received it. *Id.*  The Complaint does not say when the person who gave him the Convertible Car Seat purchased it. *See generally id.*

Plaintiff claims that he subsequently purchased a Graco SlimFit Platinum 3-in-1 Car Seat ("SlimFit Car Seat") (the Convertible Car Seat and the SlimFit Car Seat will be referred to collectively as the "Car Seats") through the Graco website on August 31, 2020. *Id.* ¶ 13.  The SlimFit Car Seat was manufactured on March 7, 2019, about 18 months before Plaintiff bought it. *Id*. ¶ 14.

Although Plaintiff alleges that "many of the products on the Graco website specifically state that they will be usable for ten years" (*id.* ¶ 18), the only such statement identified in the Complaint with respect to the Car Seats is the allegation that the Convertible Car Seat—which he received as a gift—"is advertised as 'giv[ing] you 10 years with one car seat.'" *Id.* (brackets in original).  Plaintiff makes no allegations regarding any similar statement relating to the SlimFit Car Seat that he actually purchased.  *See generally id.*

Nevertheless, he alleges that each of his Car Seats was "depreciated," "far into its useful life period," and "partially expired" when he received it.  *Id.* ¶¶ 19-21.  He characterizes these Car Seats as "substantially expired" and worth "substantially less or nothing" despite the fact that they could be used for eight-and-a-half or nine years after he received them.  *Id.* ¶¶ 12, 14, 16-18, 23-24.

Also noteworthy are the allegations absent from Plaintiff's Complaint.  He does not allege that he has had any problems with the Car Seats or that they have not performed exactly as intended since he received them.  He has not alleged that he had to discard the Car Seats, replace them, or sustained any out-of-pocket costs related to his claims.  This is not surprising since the Convertible Car Seat and SlimFit Car Seat can be used until January 16, 2028, and March 7, 2029, respectively—when his daughter will be 9 or 10 years old.  *Id.* ¶¶ 11-12, 14.

## **ARGUMENT**

6

## I.  PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE HE LACKS ARTICLE III STANDING.

### A.  Plaintiff Suffered No Injury In Fact to Establish Standing for the Alleged "Depreciated" Value of the Car Seats.

Plaintiff lacks standing to pursue monetary damages because he has not suffered an injury in fact.  He claims only illusory damages based on the supposed depreciation of his Car Seats without their full "useful life" at the moment of receipt.

A plaintiff cannot invoke federal court jurisdiction without establishing the three elements that form the "irreducible constitutional minimum of standing": (1) injury in fact; (2) causation; and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998) (injury in fact is the "[f]irst and foremost" requirement of standing); *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193-95 (3d Cir. 2016). To satisfy that requirement, the plaintiff's claimed injury must be "both concrete and particularized," and "not conjectural or hypothetical."  *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540, 1548 (2016).  The Third Circuit has further held that an injury is "concrete" only if it is "'distinct and palpable, as opposed to merely abstract.'"  *N.J. Physicians, Inc. v. Pres. of U.S.*, 653 F.3d 234, 238 (3d Cir. 2011) *quoting Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

The Supreme Court has explained that, in considering whether there has been a concrete and ascertainable loss, a court should look to whether a plaintiff "has

made an adequate showing [of injury] sometime in the *relatively near future*."

*Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 211 (1995) (*citing Lujan*, 504

U.S. at 565 n.2) (emphasis added).  In *Lujan*, the Supreme Court elucidated that,

> "[a]lthough 'imminence' is concededly a somewhat elastic concept, it
> cannot be stretched beyond its purpose, which is to ensure that the
> alleged injury is not too speculative for Article III purposes—that the
> injury is '*certainly* impending' ….  It has been stretched beyond the
> breaking point when, as here, the plaintiff alleges only an injury at some
> indefinite future time, and the acts necessary to make the injury happen
> are at least partly within the plaintiff's own control.  In such
> circumstances we have insisted that the injury proceed with a high
> degree of immediacy, so as to reduce the possibility of deciding a case
> in which no injury would have occurred at all."

504 U.S. at 565 n.2 (internal citations omitted) (emphasis in original).

Plaintiff here cannot claim that he will suffer an injury in the "relatively near

future" when his Complaint's factual allegations concede that he can use the Car

Seats for many more years, until 2028 or 2029.  His supposed injury therefore is a

quintessential example of one that is not concrete, but only conjectural, hypothetical,

and abstract.  Plaintiff has not alleged that he cannot use the Car Seats today or at

any time since he acquired them, or that they suffer from any supposed defect.  In

other words, he alleges no past or current injury.  Instead, he hypothesizes that the

Car Seats will no longer have value many years in the future.  Any supposed amount

of future loss in value, however, would be so theoretical as to be incalculable.

Indeed, there are many unknowns between now and 2028 or 2029, when the Car

Seats reach the end of their useful lives.  For instance, Plaintiff would need to have

a child who is still of the correct age and size at those future dates to use the products. His daughter will be 9 or 10 years old by then and quite possibly no longer in need of either of the Car Seats.  He does not allege that any other children will be in need of either Car Seat at the time they reach the end of their useful lives.  Additionally, he could be in an accident involving one or both Car Seats in the future that would necessitate replacing them before 2028 or 2029.  There are simply too many contingencies between now and when Plaintiff contends he can no longer use the Car Seats for there to be a presently cognizable injury.  Plaintiff's alleged damages thus are so far from being realized as to be nonexistent at this time.

The lack of imminence of Plaintiff's alleged injury *coupled with* its speculative nature plainly do not confer standing to pursue these claims.  Plaintiff attempts to "stretch[]" imminence "beyond its purpose" with conjectural injuries that do not allege any defect and permit him to use the Car Seats for years to come.  *See In re: Zappos.com, Inc.*, 108 F. Supp. 3d 949, 959 (D. Nev. 2015) (holding plaintiffs lacked standing because "[t]he years that have passed without Plaintiffs making a single allegation of theft or fraud demonstrate that the risk is not immediate…. The possibility that the alleged harm could transpire in the as-of-yet undetermined future relegates Plaintiffs' injuries to the realm of speculation.") (internal citations omitted).

9

Beyond the non-imminent and speculative nature of his claimed injury, Plaintiff also lacks standing because he has failed to allege any defect in the products at issue.  Plaintiff attempts to make a "benefit of the bargain" claim.  *See* Compl. ¶ 77 (online descriptions for the Car Seats "became part of the bases of the bargains").  But an owner of a product that has not manifested a defect during his period of ownership has not been "injured" and cannot recover "benefit of the bargain" damages.  *See, e.g., O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 502 (8th Cir. 2009) ("It is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product *they own*.") (emphasis added); *see also In re Johnson & Johnson Talcum Powder Prod. Marketing, Sales Practice, & Liab. Litig.*, 903 F.3d 278, 288 (3d Cir. 2018) (to have standing under Article III, "a plaintiff must do more than simply pair a conclusory assertion of money lost with a request that a defendant pay up"); *In re Canon Cameras Litig.*, 237 F.R.D. 357, 359-60 (S.D.N.Y. 2006) ("A plaintiff who purchases a digital camera that never malfunctions … cannot be said to have received less than what he bargained for when he made the purchase.").  Plaintiff has not even alleged an actual *defect* with the product, let alone one that does not allow him to use it currently or that caused him to incur any replacement costs.

10

**B.     Plaintiff Cannot Allege Any Injury in Fact as to Products for Which He Paid No Money.**

Plaintiff seeks to represent a class of persons in New Jersey who "purchased a new Graco car seat online" without apparent limitation to the SlimFit Car Seat model that he actually purchased.  Compl. ¶ 31.  Plaintiff's claims related to the Convertible Car Seat or any other Graco car seat models that Plaintiff did not purchase should be dismissed because his claims are not particularized.  To be "particularized" for the purposes of standing, the plaintiff must *personally* have suffered the alleged injury.  *Spokeo*, 136 S. Ct. at 1548; *see also Lujan*, 504 U.S. at 563 ("the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured"); *see also Sanchez-Garcia v. U.S.*, 802 Fed. Appx. 37, 40 (3d Cir. 2020) ("[E]xcept in limited circumstances, a litigant cannot rely on the injuries of others to obtain Article III standing.").

Plaintiff cannot establish that he suffered any injury to himself with respect to the Convertible Car Seat or any other Graco car seat besides the SlimFit Car Seat because he did not purchase those products.  Plaintiff did not make any bargain or have any contact with Defendants related to the Convertible Car Seat, which he received as a gift.  Likewise, there can be no bargain for other models that Plaintiff has never owned.  It is axiomatic that the tangible, economic injury necessary to prevail upon a benefit of the bargain theory of recovery requires the purchase of the

11

product.  *See*, *e.g.*, *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 889 (3d Cir. 2020) ("We conclude that [plaintiff] has not alleged a tangible, economic injury that is sufficient for standing purposes.  She has supported her benefit-of-the-bargain theory of injury with only speculative allegations that the tires she received from [defendant] were worth less than what she paid for them.")

Plaintiff here also would have been unaware of any supposed promise or bargain created at the time of purchase of the Convertible Car Seat because it was the person who gifted it to him who was involved in that transaction.  Similarly, Plaintiff would not be aware of or privy to the information contained on the packaging of any *other* Graco car seat that he never owned.  "Lack of awareness of an affirmation at the time of purchase generally dooms a benefit-of-the-bargain theory of liability."  *Thorne*, 980 F.3d at 888, *citing Cipollone v. Liggett Grp., Inc.*, 893 F.2d 541, 566-68 (3d Cir. 1990), *rev'd* on other grounds, 550 U.S. 504 (1992).

Furthermore, a named plaintiff seeking to represent a class cannot establish standing by relying on the alleged injuries of putative class members, but instead must adequately allege an "injury in fact" to himself.  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (internal quotation omitted); *see also Thole v. U.S. Bank N.A.*, 140 S.

12

Ct. 1615, 1620 (2020) ("[I]n order to claim 'the interests of others, the litigants themselves still must have suffered an injury in fact, thus giving' them 'a sufficiently concrete interest in the outcome of the issue in dispute.'") (*quoting Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013)); *In re: Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 634 (3d Cir. 2017).   Accordingly, all claims related to any Graco car seat Plaintiff did not purchase should be dismissed for lack of standing.

### C.   Plaintiff Lacks Standing to Seek Injunctive Relief Because He Cannot Show an Actual and Imminent Future Injury.

Plaintiff also fails to establish standing for the injunctive relief he requests. Compl., Prayer for Relief C.   A plaintiff must "demonstrate standing for … each form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.*, --- U.S. ---, 137 S. Ct. 1645, 1650 (2017).   To establish standing to pursue injunctive relief, Plaintiff must meet a higher standard and allege facts showing an "actual and imminent" future injury.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 263 and 301 (3d Cir. 2012) (vacating District Court order for injunctive relief because plaintiffs no longer were "in the heavy-duty truck transmission market, and have expressed no concrete desire to re-enter the market"); *Comite de Apoyo a los Trabajadores Agricolas v. Perez*, 148 F. Supp. 3d 361, 370 (D.N.J. 2015).  Any such impending future injury must be similar to the injury Plaintiff already suffered; "[a]bsent a sufficient likelihood that [she] will again be wronged in a similar way, [plaintiff is] no more entitled to an injunction

13

than any other citizen...." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *ZF Meritor, LLC*, 696 F.3d at 301.  Indeed, "[e]ven if the plaintiff has suffered a previous injury due to the defendant's conduct, the equitable remedy of an injunction is 'unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *ZF Meritor, LLC*, 696 F.3d at 301 *quoting City of Los Angeles*, 461 U.S. at 111.

Plaintiff cannot possibly meet the standard of showing an actual and imminent future injury when he has not alleged any defect in the products at issue and when each product still has seven or eight years of its useful life remaining.  Even assuming, *arguendo*, that Plaintiff has standing to sue for damages (he does not), he cannot show anything other than *a prior injury* with his allegations that *at the time he received the Car Seats*, they already were of diminished value.  Compl. ¶¶ 12, 19. Past harm alone does not confer standing to seek injunctive relief.  *See McNair v. Synapse Group Inc.,* 672 F.3d 213, 223-24 (3d Cir. 2012) (holding plaintiffs lacked standing to pursue injunctive relief when they did not allege that they intended to subscribe again to magazines sold by defendant); *Dempsey v. Pistol Pete's Beef N Beer, LLC*, Civ. No. 08-5454, 2009 WL 3584597, at *4 (D.N.J. Oct. 26, 2009) ("Likewise, intentions to return to the source of the illegal conduct 'some day'— without any description of concrete plans, or indeed even any specification of *when*

14

the some day will be—do not support a finding of the requisite actual or imminent

injury.") (internal citations omitted) (*citing Lujan*, 504 U.S. at 564).  Plaintiff here

has not alleged that he would purchase either product again if it were labeled or

marketed differently and thus fails to show any "similar" future harm that he might

suffer.  *City of Los Angeles*, 461 U.S. at 111; *see also Tawil v. Ill. Tool Works, Inc.*,

Civ. No. 15-8747, 2016 WL 4260791, at *6-7 (D.N.J. Aug. 11, 2016).

Nor would it be plausible to believe in opposition to this motion or in an

amendment to the Complaint that Plaintiff would purchase the product in the future

given that he appears to have been frustrated with the same alleged issue not once

but twice now.  In *Tawil*, the court noted that the plaintiff could not establish standing

for injunctive relief because he did not plead that he would buy the windshield

washer fluid at issue in that case as it existed at the time, just as Plaintiff here does

not allege that he will buy another Graco car seat.  *Id*.  Moreover, the court also

found that any such allegation would not be credible based on plaintiff's knowledge:

> "The question is whether Plaintiff, armed with the knowledge
> [regarding the windshield washer fluid] … would purchase [the
> product] again in the absence of warnings that the product is not
> compatible with his car…. [T]his Court must assume Plaintiff would
> act rationally, based on the knowledge he possesses, and would not
> purchase a product that he knows would damage his vehicle's
> windshield wiper system."

*Id*. at *7.  If Plaintiff truly takes issue with the fact that the Car Seats were

manufactured before the date he actually received them, it is unfathomable that he

would now purchase yet another Graco car seat knowing some of its useful life already has expired.

## II.  PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NEW JERSEY CONSUMER FRAUD ACT OR FOR COMMON LAW FRAUD.

### A.  Plaintiff Has Not Pled his NJCFA or Common Law Fraud Claims with Particularity as Required by Rule 9(b).

Claims under the NJCFA and for common law fraud must be pled with particularly under Rule 9(b).  *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (common law fraud); *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (NJCFA); *Citizens United Recoprocal Exchange v. Meer*, 321 F. Supp. 3d 479, 486-87 (D.N.J. 2018) (common law fraud); *Francis E. Parker Memorial Home, Inc. v. Georgia-Pacific LLC*, 945 F. Supp. 2d 543, 558 (D.N.J. 2013) (NJCFA); *Smajlag* v. Campbell Soup Co., 782 F. Supp. 2d 84, 98 (D.N.J. 2011) (NJCFA).  Plaintiff has not met this heightened pleading standard, so these claims should be dismissed.

To support his NJCFA and fraud claims, Plaintiff references two statements from the Graco website and one from the owner's manual for the SlimFit Car Seat:[2]

- "The product manual orders the consumer to 'STOP using this car seat and throw it away 10 years after the date of manufacture.'"  Compl. ¶ 16.

- "gracobaby.com explains that its '[c]ar seats can be used safely only for a defined period of time, typically 7 to 10 years.'" Compl. ¶17.

- "[M]any of the products on the Graco website specifically state that they will be usable for ten years.  For example, the [Convertible Car Seat] is

---

[2]      As discussed below, Plaintiff also bases his breach of express warranty claims on these statements.

advertised as 'giv[ing] you 10 years with one car seat' on the Graco website.  This statement is untrue for the seats that are sold with a significant portion of their useful life expired."  Compl. ¶ 18.

These statements are accurate.  Plaintiff does not, and cannot, point to a single word in any of these quotations that is untrue in any way whatsoever.  The Car Seats can and should be used for 10 or fewer years, exactly as Graco states.  Plaintiff cannot meet the Rule 9(b) standard for pleading "fraud" based on the three accurate statements above.  *See Frederico*, 507 F.3d at 200 ("To satisfy this standard, the plaintiff must plead or alleged the date, time and place the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.")

Additionally, Plaintiff has pled that the third statement above relates to the Convertible Car Seat that he received as a gift, not the SlimFit Car Seat that he purchased.  (Compl. ¶ 18.)  Plaintiff nevertheless tries to bootstrap his claims regarding the SlimFit Car Seat onto what he claims is a misrepresentation on the Graco website for the Convertible Car Seat that he never purchased.  But a statement about one product cannot serve as a particularized fact sufficient to sustain a fraud allegation as to another product.  *See Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 374 (D.N.J. 2015) (holding Rule 9(b) particularity requirements not met where alleged in-store advertising referred to bread products generally rather than specific bread products purchased by plaintiff); *see also DiMuro v. Clinique Labs., LLC*, 572 Fed. Appx. 27, 30 (2d Cir. 2014) ("Plaintiffs' group-pleading as to

17

the products and the advertisements at issue is inconsistent with Rule 9(b)'s particularity requirement in that the complaint fails to specify which of Clinique's alleged statements are fraudulent and with regard to what product.").

Plaintiff "alternatively" pleads that his NJCFA and fraud causes of action are based on "knowing concealment, suppression, or omission of the material fact that these seats were substantially expired." Compl. ¶ 30. But he fails to meet the Rule 9(b) particularity requirements as to this supposed omission. A showing of intent "is necessary if the claimed violation is an omission pursuant to N.J.S.A. 56:8-2." *Dugan v. TGI Fridays, Inc.*, 231 N.J. 24, 51 (N.J. 2017) *citing Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 556 (N.J. 2009) ("In contrast, we have required that a plaintiff seeking to recover based on a defendant's omission, 'must show that the defendant acted with knowledge, and intent *is* an essential element of the fraud.'") (citation omitted) (emphasis in original). And common law fraud requires knowledge and intent whether it is based on an omission or not. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (N.J. 1997) ("knowledge or belief by the defendants of … falsity" and "an intention that the other person rely on it" are elements of fraud claim). Plaintiff's Complaint is devoid of the specific allegations of intent required under Rule 9(b), and so the NJCFA and fraud claims fail.

Further, Plaintiff's NJCFA claim lacks any allegations of "substantial aggravating circumstances." *Suber v. Chrysler Corp.*, 104 F.3d 578, 586-87 (3d Cir.

18

1997); *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 301-02 (D.N.J. 2019).  "Whether a business practice is unfair is a question for the jury, but if the claim is founded on written statements, *then the court must make a legal decision whether the practice is unlawful in light of the writings*."  *Urbino v. Ambit Energy Holdings, LLC*, Civ. No. 14-5184, 2015 WL 4510201, at *3 (D.N.J. July 24, 2015) (emphasis added) (*citing Hassler v. Sovereign Bank*, 374 Fed. Appx. 341, 344 (3d Cir. 2010).  Here, Plaintiff's NJCFA claim is based on written statements from Graco's website and owner's manual, so "substantial aggravating circumstances" are required.  The Complaint, however, is devoid of such allegations.  Accordingly, the Court should deny the NJCFA claim on this basis, as well.

### B.    Plaintiff Has Not Pled an Actual and Ascertainable Loss Required for Recovery Under the NJCFA.

Plaintiff also fails to plead an "ascertainable loss," as required under the NJCFA.  N.J.S.A. 56:8-19.  Although a loss occurs "when a consumer receives less than what was promised," a plaintiff must objectively prove that loss.  *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 244 (N.J. 2005).  On a motion to dismiss, "a consumer must be able to quantify or measure what loss he has suffered or will suffer as a result of the unlawful conduct."  *Arcand v. Brother Intern. Corp.*, 673 F. Supp. 2d 282, 300 (D.N.J. 2009) (a court "need not countenance hypothetical or illusory losses or the wholly subjective expectations of a consumer") (internal citation omitted); *see also Ponzio v. Mercedes-Benz USA, LLC*, , 447 F. Supp. 3d

19

194, 244 (D.N.J. 2020) (dismissing NJCFA claim where plaintiff simply alleged that value of vehicle was diminished as a result of defect because "such allegations provide no out-of-pocket expense to [plaintiff] or information to otherwise quantify his loss"); *Franulovic v. Coca Cola Co.*, Civ. No. 07-828, 2007 U.S. Dist. LEXIS 79732, at \*23 (D.N.J. 2007) ("[Plaintiff's] conclusory statement that she and other consumers suffered an 'ascertainable loss' is insufficient.").

Plaintiff here has pled the mere conclusory statement that he and other putative class members "have suffered an ascertainable loss … in an amount to be proven at trial," but alleges no facts by which that supposed loss might be quantified or calculated.  Compl. ¶ 54.  Any suggestion by Plaintiff that he has satisfied this requirement by alleging that he received the SlimFit Car Seat "depreciated of essentially 15% of its useful life" should be rejected.  Compl. ¶ 19.  As the *Arcand* court explained, such "hypothetical or illusory losses" need not be considered, especially when they are the "wholly subjective expectations of a consumer." *Arcand*, 673 F. Supp. 2d at 300.  Rather, objective facts, including "any particulars as to [plaintiff's] own experiences" with the products at issue, must be pled so that the loss can be determined; otherwise, the "Court cannot determine what loss, if any, Plaintiff[] sustained."  *Id.*  Plaintiff has failed to meet this standard.

**C.**     **Plaintiff Has Not Pled the Required Elements for a *Prima Facie* Common Law Fraud Case.**

Plaintiff has failed to plead even the most basic requirements of common law fraud.  The five elements of common law fraud under New Jersey law are:  "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari*, 148 N.J. at 610 *citing Jewish Ctr. of Sussex County v. Whale,* 86 N.J. 619, 624-25 (N.J. 1981).

First, As explained in Section II(A), the three statements cited in Plaintiff's Complaint that purportedly form the basis for his fraud claim are not material misrepresentations (or misrepresentations at all).

Second, as also explained in Section II(A), Plaintiff has not pled the requisite knowledge or intent.

Third, Plaintiff has not alleged facts sufficient to demonstrate reliance. Common law fraud in New Jersey requires "reasonable reliance by the complaining party."  *DSK Enterprises, Inc. v. United Jersey Bank*, 189 N.J. Super. 242, 250-51 (N.J. App. Div. 1983); *see also Banco Popular North America v. Gandi*, 184 N.J. 161, ("Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them."); *Read v. Profeta*, 397 F. Supp. 3d 597,

21

635 (D.N.J. 2019).  The Complaint lacks any allegations sufficient to suggest that Plaintiff relied on any statement by Defendants.

With respect to the Convertible Car Seat, Plaintiff does not allege that he relied on any statement by Defendants in purchasing the product.  Nor could he have done so since he received that product as a gift.  Necessarily, then, he obtained that Car Seat because of the gift-giver's generosity, not because of his reliance on any statement by Defendants.

Nor is reliance adequately alleged with respect to the SlimFit Car Seat.  In fact, Plaintiff alleges no statements relating specifically to that product on which he might have relied in purchasing it.  Indeed, the only statement by Defendants that Plaintiff cites with respect to either Car Seat is the quotation from Graco's website that the Convertible Car Seat "gives you 10 years with one car seat."  Compl. ¶ 18.  That statement does not apply to the SlimFit Car Seat that Plaintiff purchased.  And Plaintiff does not allege that he was aware of that statement before receiving the Convertible Car Seat as a gift, let alone that he somehow relied on it in receiving that present.

Lastly, as explained in Section II(B), Plaintiff has not pled any ascertainable damages to satisfy the final element of common law fraud.

## III. PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM SHOULD BE DISMISSED BECAUSE HE HAS NOT PLED ANY MISPRESENTATIONS.

Plaintiff's claim for negligent misrepresentation fails for many of the same reasons as his fraud claims.  "The elements of negligent misrepresentation are essentially the same as those of common law fraud except negligent misrepresentation does not require scienter." *Intarome Fragrance & Flavor Corp. v. Zarkades*, Civ. No. 07-873, 2009 WL 1653141, at *7 (D.N.J. June 9, 2009). "'Negligent misrepresentation is …. [a]n incorrect statement, negligently made and justifiably relied on, [and] may be the basis for recovery of damages for economic loss … sustained as a consequence of that reliance.'" *Id.* (*quoting Kaufman v. i-Stat Corp.*, 165 N.J. 94, 109 (N.J. 2000)); *see also Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 440 (D.N.J. 1998) ("Under New Jersey law, to prevail on a negligent misrepresentation claim, a plaintiff must prove that the defendant negligently made an incorrect statement, upon which the plaintiff justifiably relied.").

As described in Sections I(A), I(C), and II(C), Plaintiff has not alleged that Defendants made a misrepresentation or that he reasonably relied on any statement that he claims to be a misrepresentation.   Thus, Plaintiff's negligent misrepresentation claim should be dismissed for the same reasons as his fraud claims.

## IV.   PLAINTIFF'S BREACH OF WARRANTY CLAIMS FAIL AS A MATTER OF LAW.

### A.   Plaintiff Has Not Alleged any Express Warranty that Defendants Breached.

Plaintiff cannot show that Defendants breached any express warranty with respect to the Car Seats he owns.  Plaintiff does not allege any express warranty *per se*.  Instead, he alleges that the same three quotations from the Graco website and owner's manual referenced above somehow constitute an express warranty.  Even if that were true, he has failed to show that the Car Seats did not conform to the descriptions in those statements.

"To prevail on a breach of express warranty claim, a plaintiff must show that (1) Defendants made an affirmation, promise, or description that became part of the basis of the bargain, and (2) the good ultimately did not conform to the affirmation, promise or description." *James v. Harrah's Resort Atlantic City*, Civ. No. 14-5434, 2016 WL 7408845, at *8 (D.N.J. Dec. 22, 2016); *see also Snyder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 717 (D.N.J. 2011).  Courts may dismiss an express warranty claim where the complaint "does not contain sufficient factual allegations about the nature of the express warranty." *Simmons v. Stryker Corp.*, Civ. No. 08-3451, 2008 WL 4936982, at *2 (D.N.J. Nov. 17, 2008) (dismissing express warranty claims that merely track the elements of the cause of action).  "Absent allegations that false statements made to plaintiff 'became the basis of the bargain for the

24

purchase of the good', no claim for breach of express warranty can be sustained."

*Mendez v. Shah*, 94 F. Supp. 3d 633, 640 (D.N.J. 2015) *quoting Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 171 F.3d 818, 825 (3d Cir. 1999).

As an initial matter, the plain language of each of the three statements makes clear that Defendants did not violate the terms of any express warranty the statements purportedly create.  Plaintiff has not pled that Defendants ever promised the Car Seats would be delivered immediately after manufacture.  Nor, as is typical in similar class actions, has Plaintiff quoted from the express warranty that actually came with the products.[3]  On its face, then, the Complaint is factually devoid of any basic facts that might serve as the basis for the existence of an express warranty or the claim that such a warranty was breached.

> **B.    Plaintiff Has Not Made Out a *Prima Facie* Case for Breach of Implied Warranty Because He Has Not Alleged Facts that the Car Seats Are Not Merchantable.**

Plaintiff also has failed to adequately plead a claim for breach of implied warranty of merchantability under N.J.S.A. 12A:2-314 because he has alleged no

---

[3]    The express warranty provided by Graco with its car seat products is available online at https://www.gracobaby.com/on/demandware.store/Sites-gracobaby-Site/default/Support-Show?cfid=returns.  That warranty provides that Graco "warrant[s] this product to be free from defects in material and workmanship existing at the time of manufacture for a period of one year from the date of initial purchase."  The Complaint does not mention this express warranty at all, and Plaintiff has not alleged any defects in material or workmanship in either product at issue in this case.

25

facts to show that the Car Seats were not merchantable, have not performed appropriately for their ordinary purpose, or did not conform to any promises or affirmations made by Defendants.  N.J.S.A. 12A:2-314(2) (defining requirements for goods to be merchantable).  "In order for the implied warranty of merchantability to be breached, the product at issue must have been defective or not fit for the purpose for which it was manufactured and sold."  *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 598 (D.N.J. 2016).  Despite what Plaintiff may think about the Car Seats, "[m]erchantability does not mean that the goods are exactly as the buyer expected, but rather that the goods satisfy a minimum level of quality."  *Sheris v. Nissan N. America Inc.*, Civ. No. 07-2516, 2008 WL 2354908, at *6 (D.N.J. June 3, 2008) (internal quotations omitted).

Plaintiff makes no allegations that the Car Seats at issue in this case are in any way defective or do not function for their ordinary purpose.  *Yost v. Gen. Motors Corp.*, 651 F. Supp. 656, 657-58 (D.N.J. 1986) (dismissing warranty claim where plaintiff "has not alleged that he has suffered any damages.  He has not stated that the engine in his vehicle is defective in any way.  All he is able to allege is that the potential leak is 'likely' to cause damage and 'may' create potential safety hazards").  Thus, Plaintiff's breach of implied warranty claim fails because the Car Seats at issue performed exactly as intended.

## V.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM MUST BE DISMISSED.

### A.  New Jersey Does Not Recognize Unjust Enrichment as an Independent Tort Cause of Action.

If Plaintiff's breach of warranty claims are dismissed, then his claim for unjust enrichment also must fail because New Jersey does not recognize unjust enrichment as an independent cause of action in tort.  *See*, *e.g.*, *Warma Witter Kreiser, Inv. v. Samsung Electronics America, Inc.*, Civ. No. 08-5380, 2009 WL 4730187, at *7 (D.N.J. Dec. 3, 2009) ("Plaintiff's theory of recovery is based on the assertion that it was misled by Samsung as to the fitness of the printer and that as a result of Samsung's tortious conduct, Plaintiff is allowed to recover damages.  Such allegations sound in tort.  New Jersey does not recognize unjust enrichment as an independent tort cause of action.") (*citing Castro v. NYT Television*, 370 N.J. Super. 282, 299 (N.J. App. Div. 2004) ("the role of unjust enrichment in the law of torts is limited for the most part to its use as a justification for other torts such as fraud or conversion")).  "In the tort setting, an unjust enrichment claim is essentially another way of stating a traditional tort claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched)."  *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912 (3d Cir. 1999) (upholding dismissal of the plaintiffs' complaint); *see also Blystra v. Fiber Tech Group, Inc.*, 407 F. Supp. 2d 636, 644 fn. 11 (D.N.J. 2005).

27

**B.    Plaintiff Cannot Sustain an Unjust Enrichment Claim for the Car Seat He Received as a Gift**

Even if Plaintiff is able to maintain his unjust enrichment cause of action as a derivative of his breach of warranty claims, it would fail with respect to the Convertible Car Seat that he received as a gift.   Under New Jersey law, unjust enrichment "require[s] a direct relationship between the parties."   *Maniscalco v. Brother Intern. Corp. (USA)*, 627 F. Supp. 2d 494, 505-06 (D.N.J. 2009) *citing Cooper v. Samsung Elecs. Am. Inc.*, Civ. No. 07-3853, 2008 WL 4513924, at *10 (D.N.J. Nov. 14, 2012).  In both *Maniscalco* and *Cooper*, the courts dismissed unjust enrichment claims when the products at issue were purchased from retailers rather than directly from the manufacturer defendants.  Here, the relationship is even more attenuated with respect to the Convertible Car Seat that was gifted to Plaintiff because he paid no money for it and had no contact with Defendants in any way regarding that product.  Compl. ¶ 12.

New Jersey law also requires that the plaintiff be the individual who conferred a benefit on the defendant: "The unjust enrichment doctrine requires that *plaintiff* show that *it* expected remuneration from the defendant at the time *it* performed or conferred a benefit on defendant …."  *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (N.J. 1994) (emphasis added); *see also Iliadis v. Wal-Mart Stores, Inc.*, 191 N.J. 88, 110 (N.J. 2007).  Plaintiff had no relationship with Defendants with respect

28

to the gift he received, and by definition he paid no money to Defendants for it such that they could be unjustly enriched.

## VI.   PLAINTIFF'S CAUSE OF ACTION FOR "MONEY HAD AND RECEIVED" SHOULD BE DISMISSED AS DUPLICATIVE OF HIS UNJUST ENRICHMENT CLAIM

Plaintiff's cause of action for "money had and received" is an equitable remedy that is duplicative of his unjust enrichment claim.  It should be dismissed as unnecessary and because it lacks merit for the same reasons as his unjust enrichment claims.

"Courts have treated claims for 'unjust enrichment' and 'money had and received' as essentially the same claim." *Chen v. Cline*, Civ. No. 12-3051, 2013 WL 776238, at *6 fn. 6 (D.N.J. Feb. 27, 2013) *citing New York Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co., Inc.*, Civ. No. 10-148, 2012 WL 209349, at *2 n. 2 (D.N.J. Jan. 24, 2012); *see also In re: Riddell Concussion Reduction Litig.*, 121 F. Supp. 3d 402, 423 fn. 22 (D.N.J. Aug. 3, 2015).  As such, it is a redundant cause of action that should be dismissed.   *See US LEC Communications LLC v. Qwest Communications Co., LLC*, Civ. No. 10-4106, 2011 WL 2474262, at *4 (D.N.J. June 20, 2011) ("Alternative pleading, which is permitted, allows a party to plead different theories of a claim when the relevant factual or legal issues differ, or they afford different relief.  Redundant pleading,

29

which is not permitted, pleads as separate claims causes of action with identical elements and potential relief.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety for lack of subject-matter jurisdiction under Rule 12(b)(1) and/or for failure to state a claim under Rule 12(b)(6).

Dated:   January 11, 2021

Respectfully submitted,

**SCHIFF HARDIN LLP**
A Limited Liability Partnership
Formed in the State of Illinois

By: */s/ Brett F. Clements*

Brett F. Clements (BC6262)
4 Embarcadero Center, Suite 1350
San Francisco, CA 94111
415.901.8700
bclements@schiffhardin.com

Jill L. Berry (JB4649)
1185 Avenue of the Americas, Suite 3000
New York, NY 10036
212.753.5000
jberry@schiffhardin.com

*Attorneys for Defendants Newell Brands Inc. and Graco Children's Products Inc.*