## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MATTHEW SCHMITT, individually
and on behalf of all others similarly
situated,

           Plaintiff,

      v.

NEWELL BRANDS INC. and
GRACO CHILDREN'S
PRODUCTS INC.

           Defendants.

20 Civ. 16240-MAS-LHG

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff Matthew Schmitt ("Plaintiff"), individually, and on behalf of similarly situated persons, through his undersigned counsel, alleges the following upon personal knowledge as to his own acts and upon information and belief as to all other matters, against Defendants Newell Brands Inc. ("Newell") and Graco Children's Products Inc. ("Graco" or collectively, with Newell, "Defendants").

## NATURE OF THE ACTION

1.     This is a class action under, *inter alia*, the New Jersey Consumer Fraud Act (N.J.S.A 56:8-1 et seq.) against Defendants, for Defendants' sales of child safety seats that are represented to be new, but are instead sold to consumers with a significant portion of their limited useful life having been expired.

## JURISDICTION AND VENUE

2.       This Court has jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) a member of the class of plaintiffs is a citizen of a State different from a defendant; and (3) the number of members of all proposed plaintiff classes in the aggregate is greater than 100.

3.       The Court has personal jurisdiction over Defendants because a substantial portion of the wrongdoing alleged herein occurred in New Jersey. Defendants also have sufficient minimum contacts with New Jersey and have otherwise intentionally availed themselves of the markets in New Jersey through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to these claims occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

5.      Plaintiff is a resident of Skillman, New Jersey.

6.      Upon information and belief, Defendant Newell Brands Inc. is a corporation incorporated in the State of Delaware and with a principal place of business of Atlanta, Georgia.

7.      Upon information and belief, Defendant Graco Children's Products Inc. is a corporation incorporated in the State of Pennsylvania and with a principal place of business of Atlanta, Georgia.

## FACTS RELEVANT TO ALL CLAIMS

8.      Upon information and belief, Defendants manufacture an array of baby products that it sells directly to consumers in stores and online.

9.      Among those products, Defendants are a leading manufacturer of car seats for children of all ages, including, but not limited to, infant car seats, convertible car seats, child safety seats, and booster seats (collectively, "Car Seats").

10.     All of Defendants' Car Seats have a limited useful life starting from their date of manufacture.

11.     Plaintiff has a young daughter born in January 2019.

12.     On August 31, 2020, Plaintiff purchased a Car Seat manufactured by Defendants, a "SlimFit™ Platinum 3-in-1 Car Seat" from gracobaby.com for $226.57.

13.     When that Car Seat arrived, a sticker affixed to the seat disclosed that it had been manufactured on March 7, 2019.

14.     This Car Seat was, accordingly, very nearly one-and-a-half years old by the time it arrived.

15.     The relevant product manual orders the consumer to "STOP using this car seat and throw it away 10 years after the date of manufacture."

16.     Indeed, gracobaby.com explains that its "[c]ar seats can be used safely only for a defined period of time, typically 7 to 10 years."

17.     Furthermore, many of the products on the Graco website specifically state that they will be usable for ten years. For example, the Graco 4Ever All-in-1 Convertible Car Seat is advertised as "giv[ing] you 10 years with one car seat" on the Graco website. This statement is untrue for the seats that are sold with a significant portion of their useful life expired. Upon information and belief, a similar statement, if not the very same statement, was found on the Graco website for the SlimFit™ Platinum 3-in-1 Car Seat Plaintiff purchased.

18.     Accordingly, the seat purchased on August 31, 2020 arrived having been depreciated of essentially 15% of its useful life.

19.     Plaintiff purchased the Car Seat intending to use it for ten years, not only for his current child, but with hopes of utilizing it for future children as well. Accordingly, they relied upon Defendants' representation that the Car Seat they

received through the Graco website would have a useful life of ten years.

20.     The fact that they would receive a Car Seat which had a considerable portion of its useful life used up was not disclosed to Plaintiff prior to purchasing the seat and Plaintiff was unaware that the Car Seat he had purchased was so far into its useful life period until after he had actually received it.

21.     It is, in fact, impossible for online consumers to know that they are buying partially expired Car Seats from Defendants, nor do Defendants warn their online customers that they are likely purchasing partially expired car seats.

22.     Indeed, Defendants admit that there is no way for consumers shopping online to protect themselves against receiving these devalued car seats.  A screenshot from gracobaby.com demonstrates that there is "[u]nfortunately…no way of checking [the date of manufacture] online."  (*See* Figure 1).



**Figure 1.**

23.     Had Plaintiff known that the Car Seat he had purchased was substantially expired, he would not have purchased the product.

24.     Plaintiff accordingly paid money for a product manufactured and sold

by Defendants that, under applicable law, was worth substantially less than the purchase price paid by Plaintiff. Instead of receiving a car seat with a useful life of ten years, Plaintiff received one with a useful life of approximately eight-and-a-half years.

25.     A reasonable consumer would have been misled by Defendants' actions.

26.     As a result of Defendants' unlawful and unfair misrepresentations and omissions, Plaintiff and thousands of other consumers in New Jersey and throughout the United States purchased Defendants' Car Seats that were held out as new, but were in fact expired in substantial part.

27.     Plaintiff and thousands of others in New Jersey and throughout the United States who purchased Defendants' Car Seats were injured financially as a result of Defendants' unconscionable commercial practices, deceptions, fraud, false pretense, false promises, or misrepresentations.

28.     Plaintiff and other purchasers of Defendants' Car Seats paid money for products that were of a lesser value and quality than represented by Defendants. The difference in value between what Plaintiff believed and intended to purchase and what he actually received is an ascertainable harm suffered by Plaintiff.

29.     Plaintiff and other purchasers of Defendants' Car Seats also paid an unwarranted premium above as a result of Defendants' unconscionable commercial

practices, deceptions, fraud, false pretense, false promises, or misrepresentations.

30.     Alternatively, Plaintiff and other purchasers of Defendants' Car Seats also paid an unwarranted premium above as a result of Defendants' knowing concealment, suppression, or omission of the material fact that these seats were substantially expired.

31.     Plaintiff would like to be able to purchase a Graco Car Seat in the future, but would like to be able to know what the useful life of the product he is purchasing is. Accordingly, he seeks equitable relief that would require Defendants to inform customers of the useful life of the Car Seat at the time of purchase, or shortly thereafter, so that they may decide in an informed manner whether to complete the purchase.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class (the "Class"):

> All persons in New Jersey who, within the last six years of the filing of this action, purchased a new Graco car seat online.

33.     This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

34.     The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are likely thousands of Class

members within the State of New Jersey.

35.     This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members. Thus, proof of a common set of facts will establish the right of each Class member to recover. Questions of law and fact common to each Class member include, for example:

a.     Whether Defendants engaged in unfair, unlawful, deceptive or fraudulent business practices by selling consumers substantially-expired car seats;

b.     Whether the car seats at issue were unlawfully marketed as a matter of law;

c.     Whether Defendants breached express or implied warranties;

d.     Whether Defendants marketing of its substantially expired Car Seats constituted a negligent misrepresentation;

e.     Whether Plaintiff and the Class is entitled to equitable and/or injunctive relief;

f.     Whether Defendants' unlawful, unfair and deceptive practices harmed Plaintiff and the Class; and

g.     Whether Defendants were unjustly enriched by its deceptive practices.

36.     Plaintiffs' claims are typical of the claims of the Class because

Plaintiff bought Defendants' Car Seat during the Class Period. Defendants' unlawful, unfair, and fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. The injuries of each member of the Class were caused directly by Defendants' wrongful conduct. In addition, the factual underpinning of Defendants' misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories. The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

37.     Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in class action litigation. Plaintiff has retained highly competent and experienced class action attorneys to represent Plaintiff's interests and those of the members of the class.  Plaintiff and Plaintiff's counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

38.     A class action is superior to all other available methods for this controversy because:

a.  There is no plain, speedy, or adequate remedy other than by maintenance of this class action;

b.  The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.  The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendant;

d.  Defendants acted or refused to act on grounds generally applicable to the Class and questions of law and fact common to members of the Class predominate over any questions affecting only individual members;

e.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create, and;

f.  Class treatment of common questions of law and fact would also be

superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants and will promote consistency and efficiency of adjudication.

39. The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## FIRST CAUSE OF ACTION

### (Violation of the New Jersey Consumer Fraud Act (N.J.S.A 56:8-1 *et seq.*))

40. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

41. This Count is brought pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*.

42. Plaintiff and all members of the Class who purchased Graco Car Seats in New Jersey were and are entitled to relief under N.J.S.A. 56:8-2; 56:8-2.11; 56:8-2.12, 56:8-19 and all other applicable provisions of the New Jersey Consumer Fraud Act.

43. Defendants are each a "person" within the meaning of N.J.S.A. 56:8-1(d).

44.     Graco Car Seats constituted "merchandise" within the meaning of N.J.S.A. 56:8-1(c).

45.     Defendants' online marketing, advertising and sales of the Car Seats at issue met the definition of "advertisement" within the meaning of N.J.S.A. 56:8-1(a).

46.     Defendants' online sales of Car Seats at issue met the definition of "sale" within the meaning of N.J.S.A. 56:8-1(e).

47.     The New Jersey Consumer Fraud Act, Section 56:8-2, provides in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

48.     Defendants' practices in marketing and selling partially expired Car Seats as alleged above, were unconscionable, deceptive, fraudulent, under false pretense or false promise, misrepresentations, and/or a knowing concealment, suppression or omission.

49.     Specifically, on the Graco website Defendants, during the Class period, represented that Car Seats purchased on the Graco website would have a

useful life of ten years. In fact, the Car Seats sold through the Graco website have a useful life of significantly less than ten years.

50.     The misrepresentations, deception, concealment and omission of material facts alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in New Jersey and throughout the United States.

51.     Plaintiff and other members of the Class who purchased new Graco Car Seats online in New Jersey were deceived.

52.     Defendants have engaged in fraudulent business acts and practices.

53.     Defendants' fraud and deception caused Plaintiff and other members of the Class to purchase Car Seats that they would otherwise not have purchased had they known the true nature of these products.

54.     Plaintiff and other members of the Class who purchased new Graco Car Seats online were injured as a result of Defendants' unlawful acts and practices. Specifically, Plaintiff and other Class members were harmed by paying a purchase price that was believed to be for a product with a ten year lifespan that in fact, had a significantly reduced lifespan.

55.     Defendants' deceptive, unfair, and unconscionable acts and practices are violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*.

56.     As a direct and proximate result of Defendants' violations of the New

Jersey Consumer Fraud Act, Plaintiff and the other Class members who purchased new Graco Car Seats online in New Jersey have suffered damages, and have suffered an ascertainable loss attributable to conduct made unlawful by the New Jersey Consumer Fraud Act, in an amount to be proven at trial, including, but not limited to, monies expended on Defendants' Car Seats, in addition to treble damages, attorneys' fees and costs pursuant to N.J.S.A. 56:8-19.

57.     Plaintiffs and the other Class members who purchased new Graco Car Seats online in New Jersey are also entitled to a refund of funds and monies expended by them for Graco Car Seats pursuant to N.J.S.A. 56:8-2.11 and 56:8-2.12.

## SECOND CAUSE OF ACTION

### (Negligent Misrepresentation)

58.     Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

59.     Defendants had a duty to disclose that the new Car Seats they were selling online were being supplied to consumers with a substantial portion of their useful life expired.

60.     In making such misrepresentations of fact and omissions of material fact to Plaintiff and the other Class members about their Car Seat products sold online, Defendants failed to fulfill their duties to disclose the material facts alleged above. Among the direct and proximate causes of said failure to disclose were the

negligence and carelessness of Defendants.

61.     Plaintiff and the other Class members, as a direct and proximate cause of Defendants' breaches of their duties, reasonably relied upon such representations and omissions to their detriment.

62.     Plaintiff and the other Class members were materially harmed by these misrepresentations and omissions, as they spent money on Car Seats that had a reduced lifespan.

63.     By reason of the foregoing, Plaintiff and the other Class members have suffered damages in an amount to be proved at trial, together with punitive damages.

## THIRD CAUSE OF ACTION

### (Fraud)

64.     Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

65.     Defendants deliberately omitted statements of material fact to Plaintiff and the other Class members about their Car Seat products sold online, including the fact that Car Seats sold online are partially expired. Defendants also affirmatively misrepresented on their website that Car Seats sold through the website would have a useful life of ten years, when in fact, the Car Seats sold through the Graco website had significantly shorter useful lives once delivered.

66.     Defendants intended that Plaintiff and the other Class members would

rely upon these misrepresentations and omissions in purchasing Car Seats online.

67.    Plaintiff and the other Class members reasonably relied upon these misrepresentations and omissions.

68.    Plaintiff and the other Class members were materially harmed by these misrepresentations and omissions, as they spent money on Car Seats that had a lifespan significantly shorter than the lifespan advertised.

69.    By reason of the foregoing, Plaintiff and the other Class members have suffered damages in an amount to be proved at trial, together with punitive damages.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

70.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

71.    As a result of Defendants' unlawful and deceptive actions described above, Defendants were enriched at the expense of Plaintiff and the Class through the payment of the purchase price for Graco Car Seats.

72.    Plaintiff and the other Class members were materially harmed by these unlawful and deceptive actions as they spent money on new Car Seats that had a reduced lifespan than advertised.

73.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received

from the Plaintiff and the Class.

74. By reason of the foregoing, Plaintiff and the Class were damaged in the amount they paid for Graco Car Seat products, together with punitive damages.

## FIFTH CAUSE OF ACTION

### (Money Had and Received)

75. The sale of a misbranded product violates the public policy of New Jersey.

76. Plaintiffs and members of the Class were unaware that the new Graco Car Seat products they purchased online were marketed with deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact.

77. Defendants received the money from Plaintiffs and the Class used to purchase their Car Seat products.

78. Defendants benefitted from receipt of this money.

79. Under principles of equity and good conscience, Defendants should not be permitted to keep this money.

80. Plaintiff and the members of the Class are thus entitled to recovery of the funds they expended to purchase the Defendants' misbranded Car Seat products, together with punitive damages.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for judgment against Defendants as follows:

a) For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Class;

b) For an order awarding, as appropriate, damages, restitution, and/or disgorgement to Plaintiff and the Class including all monetary relief to which Plaintiffs and the Class are entitled pursuant to N.J.S.A. § 56:8-1 *et seq.* including the refund provisions of N.J.S.A. 56:8-2.11 and 56:8-2.12; and the trebling and other damage augmentation provisions of N.J.S.A. 56:8-19;

c) For an order requiring Defendants to immediately cease and desist from selling Car Seats online in violation of law; enjoining Defendants from continuing to market, advertise, distribute, and sell online Car Seats in the unlawful manner described herein; and ordering Defendants to engage in corrective action by labeling online sales similar to in-person sales, such that a purchaser could know the actual lifespan of the product they are purchasing;

d) For all equitable remedies available pursuant to N.J.S.A. § 56:8-1 *et seq.*, and

as a result of the fact that the sale of a misbranded product is an illegal contract that is void under New Jersey law;

e) For an order awarding attorneys' fees and costs;

f) For an order awarding punitive damages;

g) For an order awarding pre-judgment and post-judgment interest; and

h) For an order providing such further relief as this Court deems just and proper.

DATED: February 1, 2021                          **Dressel/Malikschmitt LLP**

*/s/ Andrew J. Dressel*

Andrew J. Dressel
11 East Cliff Street
Somerville, NJ 08876
Tel: (848) 202-9323
Fax: (201) 567-7337
andrew@d-mlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021, I caused a true and correct copy of this Amended Complaint to be served via ECF to the following:

Brett F. Clements
Schiff Hardin LLP
4 Embarcadero Center, Suite 1350
San Francisco, California 94111

*/s/Andrew Dressel*
Andrew Dressel