## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MATTHEW SCHMITT, individually
and on behalf of all others similarly
situated,

              Plaintiff,

      v.

NEWELL BRANDS and GRACO
CHILDREN'S PRODUCTS INC.

              Defendants.

**Motion Date: March 15, 2021**
**Oral Argument Requested**

Case No. 3:20-cv-16240-MAS-LHG

**DEFENDANTS NEWELL BRANDS INC. AND GRACO CHILDREN'S
PRODUCTS INC.'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
<u>UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)</u>**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................1

BACKGROUND ................................................................................5

ARGUMENT ....................................................................................7

I.   PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE
     12(B)(1) BECAUSE HE LACKS ARTICLE III STANDING .....................7

     A.   Plaintiff Suffered No Injury In Fact to Establish Standing for
          the Alleged "Depreciated" Value of the Car Seat ...............................7

     B.   Plaintiff Cannot Allege Any Injury in Fact as to Products He
          Did Not Purchase Solely By Alleging That He Seeks to
          Represent a Class of Purchasers of Different Products.....................13

     C.   Plaintiff Lacks Standing to Seek Injunctive Relief Because He
          Cannot Show an Actual and Imminent Future Injury .......................15

II.  PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NEW
     JERSEY CONSUMER FRAUD ACT OR FOR COMMON LAW
     FRAUD ..................................................................................18

     A.   Plaintiff Has Not Pled his NJCFA or Common Law Fraud
          Claims with Particularity as Required by Rule 9(b) ..........................18

     B.   Plaintiff Has Not Pled an Actual and Ascertainable Loss
          Required for Recovery Under the NJCFA ..........................................21

     C.   Plaintiff Has Not Pled the Required Elements for a Prima Facie
          Common Law Fraud Case ................................................................23

III. PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM
     SHOULD BE DISMISSED BECAUSE HE HAS NOT PLED ANY
     MISPRESENTATIONS ..............................................................25

IV.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM MUST BE
     DISMISSED BECAUSE DEFENDANTS DID NOT RECEIVE AN
     UNJUSTIFIABLE PAYMENT FROM PLAINTIFF ..............................26

V.   PLAINTIFF'S CAUSE OF ACTION FOR "MONEY HAD AND
     RECEIVED" SHOULD BE DISMISSED AS DUPLICATIVE OF
     HIS UNJUST ENRICHMENT CLAIM..............................................27

CONCLUSION ................................................................................28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adamson v. Ortho-McNeil Pharmaceutical, Inc.*,
    463 F. Supp. 2d 496 (D.N.J. 2006) ....................................................................26

*Adarand Constructors, Inc. v. Pena*,
    515 U.S. 200 (1995) ...........................................................................................8

*Alexander v. CIGNA Corp.*,
    991 F. Supp. 427 (D.N.J. 1998) .........................................................................25

*Arcand v. Brother Intern. Corp.*,
    673 F. Supp. 2d 282 (D.N.J. 2009) .............................................................22, 23

*Banco Popular North America v. Gandi*,
    184 N.J. 161 .......................................................................................................24

*Bosland v. Warnock Dodge, Inc.*,
    197 N.J. 543 (N.J. 2009) ....................................................................................20

*In re Canon Cameras Litig.*,
    237 F.R.D. 357 (S.D.N.Y. 2006) .......................................................................12

*Chen v. Cline*,
    Civ. No. 12-3051, 2013 WL 776238 (D.N.J. Feb. 27, 2013) ...........................27

*Citizens United Recoprocal Exchange v. Meer*,
    321 F. Supp. 3d 479 (D.N.J. 2018) ...................................................................18

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) .....................................................................................15, 16

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) .............................................................................1

*Coda v. Constellation Energy Power Choice, LLC*,
    409 F. Supp. 3d 296 (D.N.J. 2019) ...................................................................21

*Comite de Apoyo a los Trabajadores Agricolas v. Perez*,
    148 F. Supp. 3d 361 (D.N.J. 2015) ...................................................................15

*Dempsey v. Pistol Pete's Beef N Beer, LLC*,
    Civ. No. 08-5454, 2009 WL 3584597 (D.N.J. Oct. 26, 2009) .........................16

*DiMuro v. Clinique Labs., LLC*,
    572 Fed. Appx. 27 (2d Cir. 2014) .....................................................................20

*DSK Enterprises, Inc. v. United Jersey Bank*,
   189 N.J. Super. 242 (N.J. App. Div. 1983) .......................................................24

*Dugan v. TGI Fridays, Inc.*,
   231 N.J. 24 (N.J. 2017)..................................................................................20

*F.D.I.C. v. Bathgate*,
   27 F.3d 850 (3d Cir. 1994) ...........................................................................18

*Finkelman v. Nat'l Football League*,
   810 F.3d 187 (3d Cir. 2016) .........................................................................7, 9

*Francis E. Parker Memorial Home, Inc. v. Georgia-Pacific LLC*,
   945 F. Supp. 2d 543 (D.N.J. 2013)................................................................18

*Franulovic v. Coca Cola Co.*,
   Civ. No. 07-828, 2007 U.S. Dist. LEXIS 79732 (D.N.J. 2007) ........................22

*Frederico v. Home Depot*,
   507 F.3d 188 (3d Cir. 2007) .....................................................................18, 19

*In re Fruit Juice Prods. Mktg. & Sales Pracs. Litig.*,
   831 F. Supp. 2d 507 (D. Mass. 2011)............................................................11

*Gennari v. Weichert Co. Realtors*,
   148 N.J. 582 (N.J. 1997)...........................................................................20, 23

*Hassler v. Sovereign Bank*,
   374 Fed. Appx. 341 (3d Cir. 2010)................................................................21

*Herrington v. Johnson & Johnson Consumer Cos.*,
   No. C 09-1597, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010)..........................12

*Hollingsworth v. Perry*,
   570 U.S. 693 (2013)......................................................................................14

*In re: Horizon Healthcare Servs. Inc. Data Breach Litig.*,
   846 F.3d 625 (3d Cir. 2017) .........................................................................14

*Iliadis v. Wal-Mart Stores, Inc.*,
   1991 N.J. 88 (2007) .....................................................................................26

*Intarome Fragrance & Flavor Corp. v. Zarkades*,
   Civ. No. 07-873, 2009 WL 1653141 (D.N.J. June 9, 2009)..............................25

*Jasper v. Abbott Labs., Inc.*,
   834 F. Supp. 2d 766 (N.D. Ill. 2011)..............................................................11

*Jewish Ctr. of Sussex County v. Whale*,
   86 N.J. 619 (N.J. 1981).................................................................................23

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs.*
   *& Liab. Litig.*,
   903 F.3d 278 (3d Cir. 2018) ............................................................................10

*Kaufman v. i-Stat Corp.*,
   165 N.J. 94 (N.J. 2000) ...................................................................................25

*Lewis v. Casey*,
   518 U.S. 343 (1996)........................................................................................14

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..................................................................7, 8, 9, 13, 16

*McNair v. Synapse Group Inc.*,
   672 F.3d 213 (3d Cir. 2012) ...........................................................................16

*Medley v. Johnson & Johnson Consumer Cos.*,
   No. 10-cv-02291, 2011 WL 159674 (D.N.J. Jan. 18, 2011) ...............................11

*Mladenov v. Wegmans Food Markets, Inc.*,
   124 F. Supp. 3d 360 (D.N.J. 2015)...................................................................19

*N.J. Physicians, Inc. v. Pres. of U.S.*,
   653 F.3d 234 (3d Cir. 2011) .............................................................................8

*New York Pipeline Mech. Contractors, LLC v. Sabema Plumbing &*
   *Heating Co., Inc.*,
   Civ. No. 10-148, 2012 WL 209349 (D.N.J. Jan. 24, 2012)................................27

*O'Neil v. Simplicity, Inc.*,
   574 F.3d 501 (8th Cir. 2009) ...........................................................................11

*Ponzio v. Mercedes-Benz USA, LLC*,
   447 F. Supp. 3d 194 (D.N.J. 2020)..............................................................1, 22

*Read v. Profeta*,
   397 F. Supp. 3d 597 (D.N.J. 2019)...................................................................24

*In re: Riddell Concussion Reduction Litig.*,
   121 F. Supp. 3d 402 (D.N.J. Aug. 3, 2015)......................................................27

*Rivera v. Wyeth-Ayerst Labs.*,
   283 F.3d 315 (5th Cir. 2002) ...........................................................................11

*Sanchez-Garcia v. U.S.*,
   802 Fed. Appx. 37 (3d Cir. 2020).....................................................................13

*Smajlag v. Campbell Soup Co.*,
   782 F. Supp. 2d 84 (D.N.J. 2011)....................................................................18

*Spokeo, Inc. v. Robins*,
   --- U.S. ---, 136 S. Ct. 1540 (2016)................................................................7, 13

*Steel Co. v. Citizens for Better Env't*,
   523 U.S. 83 (1998)..................................................................................................7

*Suber v. Chrysler Corp.*,
   104 F.3d 578 (3d Cir. 1997) ...............................................................................21

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)............................................................................................15

*Tawil v. Ill. Tool Works, Inc.*,
   Civ. No. 15-8747, 2016 WL 4260791 (D.N.J. Aug. 11, 2016).........................17

*Thiedemann v. Mercedes-Benz USA, LLC*,
   183 N.J. 234 (N.J. 2005)....................................................................................21

*Thieme v. Aucoin-Thieme*,
   227 N.J. 269 (N.J. 2016)....................................................................................26

*Thole v. U.S. Bank N.A.*,
   140 S. Ct. 1615 (2020).......................................................................................14

*Town of Chester v. Laroe Estates, Inc.*,
   --- U.S. ---, 137 S. Ct. 1645 (2017)...................................................................15

*Urbino v. Ambit Energy Holdings, LLC*,
   Civ. No. 14-5184, 2015 WL 4510201 (D.N.J. July 24, 2015) ...........................21

*US LEC Communications LLC v. Qwest Communications Co., LLC*,
   Civ. No. 10-4106, 2011 WL 2474262 (D.N.J. June 20, 2011)...........................27

*Webb v. Carter's Inc.*,
   272 F.R.D. 489 (C.D. Cal. 2011).......................................................................11

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990)..............................................................................................8

*Whitson v. Bumbo*,
   No. C 07-05597, 2009 WL 1515597 (N.D. Cal. Apr. 16, 2009).......................12

*Yingst v. Novartis AG*,
   63 F. Supp. 3d 412 (D.N.J. 2014)......................................................................26

*In re: Zappos.com, Inc.*,
   108 F. Supp. 3d 949 (D. Nev. 2015)..................................................................10

*ZF Meritor, LLC v. Eaton Corp.*,
   696 F.3d 254 (3d Cir. 2012) .........................................................................15, 16

**Statutes**

N.J.S.A. 56:8-2 .................................................................................................................20

N.J.S.A. 56:8-1 ...................................................................................................................3

N.J.S.A. 56:8-2 ...................................................................................................................3

N.J.S.A. 56:8-19 ...............................................................................................................21

**Rules**

Fed. R. Civ. P. 8 .................................................................................................................1

Fed. R. Civ. P. 9(b) ........................................................................... 1, 3, 4, 18, 19, 20, 21

Fed. R. Civ. P. 12(b)(1).........................................................................1, 2, 7, 17, 28

Fed. R. Civ. P. 12(b)(6)...............................................................................1, 2, 28

Fed. R. Civ. P. 15(a)(1)(B) ..................................................................................................1

Defendants Graco Children's Products Inc. ("Graco") and Newell Brands Inc.[1] ("Newell") (collectively, "Defendants") respectfully move to dismiss the Amended Complaint filed by Plaintiff Matthew Schmitt ("Plaintiff") on February 1, 2021, in its entirety pursuant to Fed. R. Civ. P. 8, 9(b), 12(b)(1), and 12(b)(6). Plaintiff amended his Complaint under Fed. R. Civ. P. 15(a)(1)(B) in response to Defendants' motion to dismiss filed on January 11, 2021. But Plaintiff has failed to cure the fundamental and fatal defects of his original Complaint. His theory of the case fails as a matter of law regardless of his minor changes to the pleading. This motion is based on the following memorandum of law, the pleadings and papers on file, and such other matters that may be presented to the Court at a hearing on the motion.

## **INTRODUCTION**

Graco sells a variety of children's products, including the car seat that is the subject of this lawsuit. Like all consumer products, car seats do not last forever. This does not make them defective. As this District Court recently explained, "'[e]very manufactured item is defective at the time of sale in the sense that it will not last forever; the flipside of this original sin is the product's useful life.'" *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 256 (D.N.J. 2020) (*quoting Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008)). In

---

[1]     Defendants object to the inclusion of Newell Brands Inc. as it is neither a necessary nor proper party to this litigation, but rather an indirect corporate parent of Graco.

keeping with this truism, and to help ensure child safety and increase the likelihood that families use the most current restraint technology, Graco advises customers to discard car seats between seven and ten years from the date of manufacture.

Plaintiff alleges that he purchased a Graco car seat that was "depreciated" in value because he received it approximately 18 months after it was manufactured. This entire lawsuit, then, is based on a supposed loss of "useful life" of this car seat that can still be used nearly a decade into the future—until 2029. Plaintiff thus seems to expect that all consumer products should be delivered the moment they come off the assembly line, but that is neither practical nor reasonable.

In addition, Plaintiff readily acknowledges that Graco informs customers that its car seats must be discarded in seven to ten years. Although Plaintiff essentially alleges a "fraud" on the part of Graco, his factual allegations show that Graco accurately discloses information regarding its car seats. Further, Plaintiff makes no allegations that the car seat has not performed as intended, or that it has any defect whatsoever. Nor does he make any allegations that he has had to discard or replace the car seat. In fact, he can safely use the product for many more years.

Accordingly, the Amended Complaint cannot pass scrutiny under Rules 12(b)(1) and 12(b)(6). Plaintiff lacks standing and has failed to state a claim upon which relief can be granted for each of his causes of action. Defendants therefore

respectfully move that the Amended Complaint be dismissed in its entirety, for a number of reasons.

First, Plaintiff lacks constitutional standing to bring this lawsuit because he has not suffered an injury in fact. Plaintiff has not alleged any problems with the car seat, or that it has manifested any defect at all. Rather, he has concocted speculative, non-concrete damages that do not exist now concerning a product that can be used until 2029. This cannot constitute an injury conferring standing under Article III. Plaintiff also lacks standing for the injunctive relief he seeks because the Amended Complaint fails to allege with any plausible certainty that Plaintiff intends to purchase another Graco car seat in the future. Thus, there is no risk of any actual and imminent future injury, and so Plaintiff cannot establish standing for injunctive relief. Plaintiff has not been injured in the past and will not be injured in the future.

Second, Plaintiff fails to state a claim under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("NJCFA"). NJCFA claims must be pled with the particularity requirements of Rule 9(b), but Plaintiff has not met this heightened standard. Additionally, since Plaintiff bases his theory of the case on an *omission* rather than an affirmative act, he also must allege intent by Defendants under N.J.S.A. 56:8-2. But the Complaint fails to make any such allegations. Nor has Plaintiff pled an actual and ascertainable loss required to sustain an NJCFA claim.

Third, Plaintiff fails to satisfy the heightened pleading requirements for common law fraud under Rule 9(b) and the requirement to show Defendants' intent or scienter.   The supposedly "fraudulent" statements alleged in the Amended Complaint are accurate on their face.   Plaintiff cobbles together a few statements from Graco's website, including statements about a different car seat he did not even purchase, and the owner's manual for his car seat that in no way constitute fraudulent conduct.

Fourth, Plaintiff has not stated a claim for negligent misrepresentation.   None of the statements alleged in the Amended Complaint is incorrect, and Plaintiff does not allege, because he cannot, that Graco ever represented that the car seat would be received on the day of manufacture.   And, as with his fraud claims, Plaintiff cannot base his claim on representations made about different products that he did not purchase.

Fifth, Plaintiff's unjust enrichment claim fails because Defendants received no payment that was "unjust."   Plaintiff's own allegations establish that he received the product he intended to purchase, with no defects, and can continue to use it as intended.

Sixth, Plaintiff's cause of action for "money had and received" fails as a matter of law because it is an equitable remedy duplicative of unjust enrichment.   It should be dismissed because it is meritless and redundant.

-4-

For these reasons and as more fully explained below, the Court should dismiss Plaintiff's Amended Complaint in its entirety.

## <u>BACKGROUND</u>

Plaintiff's Amended Complaint acknowledges that Graco alerts consumers that its car seats should be discarded seven to ten years after their date of manufacture. Am. Compl. ¶¶ 15-17.  Indeed, the Graco website "explains that its '[c]ar seats can be used safely only for a defined period of time, typically 7 to 10 years.'"  *Id*. ¶ 16. Plaintiff also quotes the product manual from his car seat, which states:  "STOP using this car seat and throw it away 10 years after the date of manufacture." *Id*. ¶ 15.  And the Amended Complaint admits that Graco affixes a sticker with the date of manufacture to the car seats it sells to ensure that consumers know when to discard them. *Id*. ¶ 13.

Plaintiff's daughter was born in January of 2019. *Id*. ¶ 11.  Plaintiff claims that he purchased a Graco SlimFit Platinum 3-in-1 Car Seat (the "Car Seat") through the Graco website on August 31, 2020.  *Id*. ¶ 12.  The Car Seat was manufactured on March 7, 2019, about 18 months before Plaintiff bought it. *Id*. ¶¶ 12-14.  Plaintiff also makes the theoretical allegation that he "hopes [t]o utitliz[e] it for future children as well."  *Id*. ¶ 19.  Plaintiff has not pled that he currently has any other children or that he is planning to have any other children in the foreseeable future.

Although Plaintiff alleges that "many of the products on the Graco website specifically state that they will be usable for ten years" (*id*. ¶ 17), the only such statement identified in the Amended Complaint concerns a *different* car seat, the Graco 4Ever All-in-1 Convertible Car Seat.  Although Plaintiff does not allege that he purchased this product, he alleges that it "is advertised as 'giv[ing] you 10 years with one car seat.'"[2]  *Id*. (brackets in original).  Further, he only alleges "[u]pon information and belief" that "a similar statement, if not the very same statement" was on the website concerning the SlimFit Car Seat.  *Id*.  Plaintiff makes no concrete allegations regarding any similar statement that he saw or relied on relating to the Car Seat that he actually purchased.  *See generally id.*

Nevertheless, he alleges that his Car Seat was "depreciated," "far into its useful life period," and "partially expired" when he received it.  *Id*. ¶¶ 18, 20-21.  He characterizes the Car Seat as "substantially expired" and worth "substantially less" despite the fact that it could be used for eight-and-a-half years after he purchased it. *Id*. ¶¶ 12-15, 23-24.

Also noteworthy are the allegations absent from the Amended Complaint. Plaintiff does not allege that he has had any problems with the Car Seat or that it has

---

[2]      Plaintiff alleged in the original Complaint that he received this model as a gift (Compl., ECF. No. 1, ¶ 12), but has removed all references to owning this car seat in the Amended Complaint, likely in response to Defendants' motion to dismiss claims relating to this product. Defs.'s Mot. to Dismiss, ECF No. 9-1, pp. 11-13.

not performed exactly as intended since he received it.  He alleges no defect with the product all.  He has not alleged that he had to discard or replace the Car Seat, or that he sustained any out-of-pocket costs related to his claims.  This is not surprising since the Car Seat can be used until March 7, 2029, when his daughter will be 10 years old. *Id.* ¶¶ 11, 13.

## **ARGUMENT**

### I. **PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE HE LACKS ARTICLE III STANDING.**

#### A. **Plaintiff Suffered No Injury In Fact to Establish Standing for the Alleged "Depreciated" Value of the Car Seat.**

Plaintiff lacks standing to pursue monetary damages because he has not suffered an injury in fact.  He claims only illusory damages based on the supposed depreciation of his Car Seat without its full "useful life" at the moment of receipt.

A plaintiff cannot invoke federal court jurisdiction without establishing the three elements that form the "irreducible constitutional minimum of standing": (1) injury in fact; (2) causation; and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998) (injury in fact is the "[f]irst and foremost" requirement of standing); *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193-95 (3d Cir. 2016).  To satisfy that requirement, the plaintiff's claimed injury must be "both concrete and particularized," and "not conjectural or hypothetical."  *Spokeo, Inc. v. Robins*, ---

U.S. ---, 136 S. Ct. 1540, 1548 (2016).  The Third Circuit has further held that an injury is "concrete" only if it is "'distinct and palpable, as opposed to merely abstract.'"  *N.J. Physicians, Inc. v. Pres. of U.S.*, 653 F.3d 234, 238 (3d Cir. 2011) *quoting Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

The Supreme Court has explained that, in considering whether there has been a concrete and ascertainable loss, a court should look to whether a plaintiff "has made an adequate showing [of injury] sometime in the *relatively near future*." *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 211 (1995) (*citing Lujan*, 504 U.S. at 565 n.2) (emphasis added).  In *Lujan*, the Supreme Court elucidated that,

> [a]lthough 'imminence' is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is '*certainly* impending' ….  It has been stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control.  In such circumstances we have insisted that the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all.

504 U.S. at 565 n.2 (internal citations omitted) (emphasis in original).

Plaintiff here cannot claim that he will suffer an injury in the "relatively near future" when his Amended Complaint's factual allegations concede that he can use the Car Seat for many more years, until 2029.  His supposed injury therefore is a quintessential example of one that is not concrete, but only conjectural, hypothetical, and abstract.  Plaintiff has failed to allege that he cannot use the Car Seat today or

-8-

that he could not use it at any time since he acquired it, or that it suffers from any supposed defect.  In other words, he alleges no past or current injury.  Instead, he hypothesizes that the Car Seat will no longer have value many years in the future.  Any supposed amount of future loss in value, however, would be so theoretical as to be incalculable.

Indeed, there are many unknowns between now and 2029, when the Car Seat reaches the end of its useful life.  For instance, Plaintiff would need to have a child who is still of the correct age and size at that future date to use the product.  His daughter will be 10 years old by then and quite possibly no longer in need of the Car Seat.  Additionally, he could be in an accident involving the Car Seat in the future that would necessitate replacing it before 2029.  He could lose it.  Or perhaps he may just wish to purchase a new seat in the next eight years.  There are simply too many contingencies between now and when Plaintiff contends he can no longer use the Car Seat for there to be a *presently* cognizable injury.  In the Amended Complaint, Plaintiff also now alleges that he has "hopes of utilizing it for future children as well."  Am. Compl. ¶ 19.  But Plaintiff's speculative "hopes" that prospective children may use the product do not add up to an injury in fact.  *Finkelman*, 810 F.3d at 194 ("Speculative or conjectural assertions are not sufficient."); *see also Lujan*, 504 U.S. at 564.  Plaintiff's imagined damages thus are so far from being realized as to be nonexistent at this time.

The lack of imminence of Plaintiff's alleged injury *coupled with* its speculative nature plainly do not confer standing to pursue these claims. Plaintiff attempts to "stretch[]" imminence "beyond its purpose" with conjectural injuries that do not allege any defect and permit him to use the Car Seats for years to come. *See In re: Zappos.com, Inc.*, 108 F. Supp. 3d 949, 959 (D. Nev. 2015) (holding plaintiffs lacked standing because "[t]he years that have passed without Plaintiffs making a single allegation of theft or fraud demonstrate that the risk is not immediate …. The possibility that the alleged harm could transpire in the as-of-yet undetermined future relegates Plaintiffs' injuries to the realm of speculation.") (internal citations omitted).

Beyond the non-imminent and speculative nature of his claimed injury, Plaintiff also lacks standing because he has failed to allege any defect in the car seat. While in some circumstances economic injuries can confer standing, it is axiomatic that a plaintiff still must plead the actual harm that caused that economic injury. An owner of a product that has not manifested a defect during his period of ownership has not been "injured." Thus, federal courts routinely hold that plaintiffs lack standing, including in cases involving children's products, in circumstances when no injury is alleged. *See, e.g.*, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 281 (3d Cir. 2018) (plaintiffs who purchased talcum powder did not suffer an economic injury due to any omission of

cancer risk disclosures because "[a] plaintiff alleging an economic injury as a result of a purchasing decision must do more than simply characterize that purchasing decision as an economic injury," as "buyer's remorse … is not a cognizable injury")*; O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503-05 (8th Cir. 2009) (rejecting crib class action as "it is well established that purchasers of an allegedly defective product have no legally cognizable claim where the alleged defect has not manifested itself in the product they own") (internal quotation omitted); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 320 (5th Cir. 2002) (plaintiffs who purchased and safely used a pain killer did not suffer an economic injury because, had the manufacturer "provided additional warnings or made [the product] safer, the plaintiffs would be in the same positon they occupy now"); *In re Fruit Juice Prods. Mktg. & Sales Pracs. Litig.*, 831 F. Supp. 2d 507, 510-13 (D. Mass. 2011) (dismissing case for lack of standing; "The fact is that Plaintiffs paid for fruit juice, and they received fruit juice, which they consumed without suffering harm.  The products have not been recalled, have not caused any reported injuries, and do not fail to comply with federal standards."); *Webb v. Carter's Inc.*, 272 F.R.D. 489, 499-500 (C.D. Cal. 2011) (rejecting baby clothes class action "where they have been able to use the clothes without incident, the purchasers have not suffered any economic loss"); *Jasper v. Abbott Labs., Inc.*, 834 F. Supp. 2d 766, 772 (N.D. Ill. 2011) (purchaser of recalled baby formula failed to show injury in absence of allegations that her child was sickened by consuming

-11-

it); *Medley v. Johnson & Johnson Consumer Cos.*, No. 10-cv-02291, 2011 WL 159674, at \*2 (D.N.J. Jan. 18, 2011) (rejecting baby shampoo class action as "the economic injury for which Plaintiffs seek redress is the price Plaintiffs paid for shampoo, which they then apparently used in bathing their children, without adverse health reactions"); *Herrington v. Johnson & Johnson Consumer Cos.*, No. C 09-1597, 2010 WL 3448531, at \*1 (N.D. Cal. Sept. 1, 2010) (same); *Whitson v. Bumbo*, No. C 07-05597, 2009 WL 1515597, at \*4-6 (N.D. Cal. Apr. 16, 2009) (rejecting baby seat class action as plaintiff failed to "allege[] how or whether she used her Bumbo seat" and "does not allege that she or any child on whose behalf she has standing to sue actually used or was harmed by any defect in the seat"); *In re Canon Cameras Litig.*, 237 F.R.D. 357, 359-60 (S.D.N.Y. 2006) ("A plaintiff who purchases a digital camera that never malfunctions … cannot be said to have received less than what he bargained for when he made the purchase.").

Here, just like the plaintiffs whose claims were rejected in the cases cited, Plaintiff attempts to make economic loss claims even though he has not experienced any problems with the product. *See Am.* Compl. ¶¶ 24, 28-30. He has not alleged an actual *defect* with the product, let alone one that does not allow him to use it currently or that caused him to incur any replacement costs. That void in his pleading is fatal to his claims.

**B.    Plaintiff Cannot Allege Any Injury in Fact as to Products He Did Not Purchase Solely By Alleging That He Seeks to Represent a Class of Purchasers of Different Products.**

Plaintiff seeks to represent a class of persons in New Jersey who "purchased a new Graco car seat online" without apparent limitation to the SlimFit Car Seat model that he actually purchased.  Am. Compl. ¶ 32.  Plaintiff's claims and class allegations related to any other Graco car seat models that Plaintiff did not purchase should be dismissed because his claims are not particularized.  To be "particularized" for the purposes of standing, the plaintiff must *personally* have suffered the alleged injury.  *Spokeo*, 136 S. Ct. at 1548; *see also Lujan*, 504 U.S. at 563 ("the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured"); *see also Sanchez-Garcia v. U.S.*, 802 Fed. Appx. 37, 40 (3d Cir. 2020) ("[E]xcept in limited circumstances, a litigant cannot rely on the injuries of others to obtain Article III standing.").  Plaintiff cannot establish that he suffered any injury to himself with respect to any other Graco car seat besides the SlimFit Car Seat because he did not purchase those products.

Plaintiff also has pled "[u]pon information and belief" that the Graco website makes certain (true) allegations about a different car seat that he did not purchase and about car seats generally, without identifying the models.  Am. Compl. ¶ 17. But Plaintiff's allegations "[u]pon information and belief" indicate that he does not

-13-

know whether or not these statements were on the website.  Logically, then, he cannot claim that he somehow "relied" on such statements at the time of purchase of his Car Seat.  Am. Compl. ¶¶ 19, 61, 67.  Similarly, Plaintiff would never be privy to the information contained on the packaging of any *other* Graco car seat that he never owned.  *Id*. ¶¶ 49, 65.  Plaintiff plainly cannot use statements about other car seats to establish some sort of injury for the actual Car Seat that he purchased.

Furthermore, a named plaintiff seeking to represent a class cannot establish standing by relying on the alleged injuries of putative class members, but instead must adequately allege an "injury in fact" to himself.  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (internal quotation omitted); *see also Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020) ("[I]n order to claim 'the interests of others, the litigants themselves still must have suffered an injury in fact, thus giving' them 'a sufficiently concrete interest in the outcome of the issue in dispute.'") (*quoting Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013)); *In re: Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 634 (3d Cir. 2017).  Accordingly, Plaintiff cannot establish standing by pleading any allegedly untrue statement concerning an entirely different product that he did not purchase.

-14-

### C.    Plaintiff Lacks Standing to Seek Injunctive Relief Because He Cannot Show an Actual and Imminent Future Injury.

Plaintiff also fails to establish standing for the injunctive relief he requests. Am. Compl., Prayer for Relief C.   A plaintiff must "demonstrate standing for … each form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.*, --- U.S. ---, 137 S. Ct. 1645, 1650 (2017).   To establish standing to pursue injunctive relief, Plaintiff must meet a higher standard and allege facts showing an "actual and imminent" future injury.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 263 and 301 (3d Cir. 2012) (vacating District Court order for injunctive relief because plaintiffs no longer were "in the heavy-duty truck transmission market, and have expressed no concrete desire to re-enter the market"); *Comite de Apoyo a los Trabajadores Agricolas v. Perez*, 148 F. Supp. 3d 361, 370 (D.N.J. 2015).  Any such impending future injury must be similar to the injury Plaintiff already suffered; "[a]bsent a sufficient likelihood that [she] will again be wronged in a similar way, [plaintiff is] no more entitled to an injunction than any other citizen ...."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *ZF Meritor, LLC*, 696 F.3d at 301.  Indeed, "[e]ven if the plaintiff has suffered a previous injury due to the defendant's conduct, the equitable remedy of an injunction is 'unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will

be wronged again.'" *ZF Meritor, LLC*, 696 F.3d at 301 *quoting City of Los Angeles*, 461 U.S. at 111.

Plaintiff cannot possibly meet the standard of showing an actual and imminent future injury when he has not alleged any defect in the product at issue and when it still has eight years of its useful life remaining. Even assuming, *arguendo*, that Plaintiff has standing to sue for damages (he does not), he cannot show anything other than *a prior injury* with his allegations that *at the time he received the Car Seat*, it already was of diminished value. Compl. ¶¶ 12, 19. Past harm alone does not confer standing to seek injunctive relief. *See McNair v. Synapse Group Inc.,* 672 F.3d 213, 223-24 (3d Cir. 2012) (holding plaintiffs lacked standing to pursue injunctive relief when they did not allege that they intended to subscribe again to magazines sold by defendant); *Dempsey v. Pistol Pete's Beef N Beer, LLC*, Civ. No. 08-5454, 2009 WL 3584597, at *4 (D.N.J. Oct. 26, 2009) ("Likewise, intentions to return to the source of the illegal conduct 'some day'—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the requisite actual or imminent injury.") (internal citations omitted) (*citing Lujan*, 504 U.S. at 564). Plaintiff here has not alleged that he would purchase the product again if it were labeled or marketed differently and thus fails to show any "similar" future harm that he might suffer. *City of Los Angeles*, 461

U.S. at 111; *see also Tawil v. Ill. Tool Works, Inc.*, Civ. No. 15-8747, 2016 WL 4260791, at *6-7 (D.N.J. Aug. 11, 2016).

Plaintiff unsuccessfully attempts to plead around this significant problem in the Amended Complaint by adding a purely speculative allegation that he "*would like to be able* to purchase a Graco Car Seat in the future." Am. Compl. ¶ 31 (emphasis added). Again, Plaintiff's hypothetical pleading cannot survive Rule 12(b)(1). Nor would it be plausible to believe in opposition to this motion that Plaintiff would purchase the product in the future now that he is aware of the alleged issue with the Car Seat. In *Tawil*, the court noted that the plaintiff could not establish standing for injunctive relief because he did not plead that he would buy the windshield washer fluid at issue in that case as it existed at the time, just as Plaintiff here only speculatively alleges that he "would like to be able" to purchase another Graco car seat in the future. *Id.*; Am. Compl. ¶ 31. Moreover, the court also found that any such allegation would not be credible based on plaintiff's knowledge:

> The question is whether Plaintiff, armed with the knowledge [regarding the windshield washer fluid] …. would purchase [the product] again in the absence of warnings that the product is not compatible with his car…. [T]his Court must assume Plaintiff would act rationally, based on the knowledge he possesses, and would not purchase a product that he knows would damage his vehicle's windshield wiper system.

*Id.* at *7. If Plaintiff truly takes issue with the fact that the Car Seat was manufactured before the date he actually received it, it is unfathomable that he would

purchase yet another Graco car seat knowing some of its useful life already has expired.

## II. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NEW JERSEY CONSUMER FRAUD ACT OR FOR COMMON LAW FRAUD.

### A. Plaintiff Has Not Pled his NJCFA or Common Law Fraud Claims with Particularity as Required by Rule 9(b).

Claims under the NJCFA and for common law fraud must be pled with particularly under Rule 9(b). *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (common law fraud); *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (NJCFA); *Citizens United Recoprocal Exchange v. Meer*, 321 F. Supp. 3d 479, 486-87 (D.N.J. 2018) (common law fraud); *Francis E. Parker Memorial Home, Inc. v. Georgia-Pacific LLC*, 945 F. Supp. 2d 543, 558 (D.N.J. 2013) (NJCFA); *Smajlag* v. Campbell Soup Co., 782 F. Supp. 2d 84, 98 (D.N.J. 2011) (NJCFA).  Plaintiff has not met this heightened pleading standard, so these claims should be dismissed.

To support his NJCFA and fraud claims, Plaintiff references a statement from the owner's manual for the SlimFit Car Seat and two statements from the Graco website about other models of car seats:

- "The relevant product manual orders the consumer to 'STOP using this car seat and throw it away 10 years after the date of manufacture.'"  Am. Compl. ¶ 15.

- "gracobaby.com explains that its '[c]ar seats can be used safely only for a defined period of time, typically 7 to 10 years.'"  Am. Compl. ¶ 16.

- "[M]any of the products on the Graco website specifically state that they will be usable for ten years.  For example, the [Convertible Car Seat] is advertised as 'giv[ing] you 10 years with one car seat' on the Graco website.  This statement is untrue for the seats that are sold with a significant portion of their useful life expired.  Upon information and belief, a similar statement, if not the very same statement, was found on the Graco website for the SlimFit™ Platinum 3-in-1 Car Seat Plaintiff purchased."  Am. Compl. ¶ 17.[3]

These statements are accurate.  Plaintiff does not, and cannot, point to a single word in any of these quotations that is untrue in any way whatsoever.  The Car Seat can and should be used for 10 or fewer years, exactly as Graco states.  Plaintiff cannot meet the Rule 9(b) standard for pleading "fraud" based on the three accurate statements above.  *See Frederico*, 507 F.3d at 200 ("To satisfy this standard, the plaintiff must plead or alleged the date, time and place the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.")  When none of the statements is untrue, Plaintiff fundamentally cannot assert a fraud claim.

Additionally, Plaintiff has pled that the third statement above relates to the Convertible Car Seat model, not the SlimFit Car Seat that he purchased.  Am. Compl. ¶ 17.  But a statement about one product cannot serve as a particularized fact sufficient to sustain a fraud allegation as to another product.  *See Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 374 (D.N.J. 2015) (holding Rule

---

[3] Plaintiff's "information and belief" pleading indicates that he is unaware of whether the statements from the Graco website were on the SlimFit Car Seat portion of the site or related to that product at all.  Am. Compl. ¶ 17.

9(b) particularity requirements not met where alleged in-store advertising referred to bread products generally rather than specific bread products purchased by plaintiff); *see also DiMuro v. Clinique Labs., LLC*, 572 Fed. Appx. 27, 30 (2d Cir. 2014) ("Plaintiffs' group-pleading as to the products and the advertisements at issue is inconsistent with Rule 9(b)'s particularity requirement in that the complaint fails to specify which of Clinique's alleged statements are fraudulent and with regard to what product.").

Plaintiff "alternatively" pleads that his NJCFA and fraud causes of action are based on "knowing concealment, suppression, or omission of the material fact that these seats were substantially expired."  Am. Compl. ¶ 30.  But a showing of intent "is necessary if the claimed violation is an omission pursuant to N.J.S.A. 56:8-2." *Dugan v. TGI Fridays, Inc.*, 231 N.J. 24, 51 (N.J. 2017) *citing Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 556 (N.J. 2009) ("In contrast, we have required that a plaintiff seeking to recover based on a defendant's omission, 'must show that the defendant acted with knowledge, and intent *is* an essential element of the fraud.'") (citation omitted) (emphasis in original).  Common law fraud based on an omission likewise requires knowledge and intent. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (N.J. 1997) ("knowledge or belief by the defendants of … falsity" and "an intention that the other person rely on it" are elements of fraud claim).  Plaintiff's

Amended Complaint is devoid of the specific allegations of intent required under Rule 9(b), and so the NJCFA and fraud claims fail.

Further, Plaintiff's NJCFA claim lacks any allegations of "substantial aggravating circumstances." *Suber v. Chrysler Corp.*, 104 F.3d 578, 586-87 (3d Cir. 1997); *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 301-02 (D.N.J. 2019). "Whether a business practice is unfair is a question for the jury, but if the claim is founded on written statements, *then the court must make a legal decision whether the practice is unlawful in light of the writings*." *Urbino v. Ambit Energy Holdings, LLC*, Civ. No. 14-5184, 2015 WL 4510201, at *3 (D.N.J. July 24, 2015) (emphasis added) (*citing Hassler v. Sovereign Bank*, 374 Fed. Appx. 341, 344 (3d Cir. 2010). Here, Plaintiff's NJCFA claim is based on written statements from Graco's website and the owner's manual for his Car Seat, so "substantial aggravating circumstances" are required. The Amended Complaint, however, is devoid of such allegations. Accordingly, the Court should deny the NJCFA claim on this basis, as well.

### B. Plaintiff Has Not Pled an Actual and Ascertainable Loss Required for Recovery Under the NJCFA.

Plaintiff also fails to plead an "ascertainable loss," as required under the NJCFA. N.J.S.A. 56:8-19. Although a loss occurs "when a consumer receives less than what was promised," a plaintiff must objectively prove that loss. *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 244 (N.J. 2005). On a motion to dismiss,

"a consumer must be able to quantify or measure what loss he has suffered or will suffer as a result of the unlawful conduct." *Arcand v. Brother Intern. Corp.*, 673 F. Supp. 2d 282, 300 (D.N.J. 2009) (a court "need not countenance hypothetical or illusory losses or the wholly subjective expectations of a consumer") (internal citation omitted); *see also Ponzio v. Mercedes-Benz USA, LLC*, , 447 F. Supp. 3d 194, 244 (D.N.J. 2020) (dismissing NJCFA claim where plaintiff simply alleged that value of vehicle was diminished as a result of defect because "such allegations provide no out-of-pocket expense to [plaintiff] or information to otherwise quantify his loss"); *Franulovic v. Coca Cola Co.*, Civ. No. 07-828, 2007 U.S. Dist. LEXIS 79732, at *23 (D.N.J. 2007) ("[Plaintiff's] conclusory statement that she and other consumers suffered an 'ascertainable loss' is insufficient.").

Plaintiff here fails to prove that his alleged loss is "ascertainable" with his boilerplate pleading.  Am. Compl. ¶¶ 28, 33, 56.  Plaintiff's conclusory statement that he and other putative class members "have suffered an ascertainable loss … in an amount to be proven at trial," does not support a claim that the supposed loss might be quantified or calculated.  *Id*. ¶ 56.  Any suggestion by Plaintiff that he has satisfied this requirement by alleging that he received the Car Seat "depreciated of essentially 15% of its useful life" should be rejected.  *Id*. ¶ 18.  In addition, his similar allegation about an undefined "difference in value" is not in any way ascertainable or more than hypothetical.  Am. Compl. ¶ 28.  As the *Arcand* court explained, such

"hypothetical or illusory losses" need not be considered, especially when they are the "wholly subjective expectations of a consumer." *Arcand*, 673 F. Supp. 2d at 300. Rather, objective facts, including "any particulars as to [plaintiff's] own experiences" with the products at issue, must be pled so that the loss can be determined; otherwise, the "Court cannot determine what loss, if any, Plaintiff[] sustained." *Id.* Plaintiff has failed to meet this standard.

### C. Plaintiff Has Not Pled the Required Elements for a *Prima Facie* Common Law Fraud Case.

Plaintiff has failed to plead even the most basic requirements of common law fraud. The five elements of common law fraud under New Jersey law are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari*, 148 N.J. at 610 *citing Jewish Ctr. of Sussex County v. Whale,* 86 N.J. 619, 624-25 (N.J. 1981).

First, As explained in Section II(A), the three statements cited in Plaintiff's Amended Complaint that purportedly form the basis for his fraud claim are not material misrepresentations (or misrepresentations at all).

Second, as also explained in Section II(A), Plaintiff has not pled the requisite knowledge or intent.

-23-

Third, Plaintiff has not alleged facts sufficient to demonstrate reliance. Common law fraud in New Jersey requires "reasonable reliance by the complaining party." *DSK Enterprises, Inc. v. United Jersey Bank*, 189 N.J. Super. 242, 250-51 (N.J. App. Div. 1983); *see also Banco Popular North America v. Gandi*, 184 N.J. 161, ("Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them."); *Read v. Profeta*, 397 F. Supp. 3d 597, 635 (D.N.J. 2019). The Amended Complaint lacks any allegations sufficient to suggest that Plaintiff relied on any statement by Defendants in purchasing the Car Seat. In fact, Plaintiff alleges no statements relating specifically to that product on which he might have relied in purchasing it. Indeed, the only statement by Defendants that Plaintiff cites with respect to the Car Seat is the quotation from Graco's website that the Convertible Car Seat "give[s] you 10 years with one car seat." Am. Compl. ¶ 17. That statement does not apply to the SlimFit Car Seat that Plaintiff purchased, nor could Plaintiff have relied on this statement if he has only pled "[u]pon information and belief" that similar statements may have been made about his Car Seat. And Plaintiff does not allege that he was aware of that statement before purchasing the Car Seat. The Amended Complaint thus plainly fails to allege facts sufficient to satisfy the reliance element of his common law fraud claims.

Lastly, as explained in Section II(B), Plaintiff has not pled any ascertainable damages to satisfy the final element of common law fraud.

## III. PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM SHOULD BE DISMISSED BECAUSE HE HAS NOT PLED ANY MISPRESENTATIONS.

Plaintiff's claim for negligent misrepresentation fails for many of the same reasons as his fraud claims.  "The elements of negligent misrepresentation are essentially the same as those of common law fraud except negligent misrepresentation does not require scienter." *Intarome Fragrance & Flavor Corp. v. Zarkades*, Civ. No. 07-873, 2009 WL 1653141, at *7 (D.N.J. June 9, 2009). "'Negligent misrepresentation is …. [a]n incorrect statement, negligently made and justifiably relied on, [and] may be the basis for recovery of damages for economic loss … sustained as a consequence of that reliance.'" *Id.* (*quoting Kaufman v. i-Stat Corp.*, 165 N.J. 94, 109 (N.J. 2000)); *see also Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 440 (D.N.J. 1998) ("Under New Jersey law, to prevail on a negligent misrepresentation claim, a plaintiff must prove that the defendant negligently made an incorrect statement, upon which the plaintiff justifiably relied.").

As described in Sections I(A), I(C), and II(C), Plaintiff has not alleged that Defendants made a misrepresentation or that he reasonably relied on any statement that he claims to be a misrepresentation.  Thus, Plaintiff's negligent misrepresentation claim should be dismissed for the same reasons as his fraud claims.

## IV. PLAINTIFF'S UNJUST ENRICHMENT CLAIM MUST BE DISMISSED BECAUSE DEFENDANTS DID NOT RECEIVE AN UNJUSTIFIABLE PAYMENT FROM PLAINTIFF.

Plaintiff also fails to make out a *prima facie* case for unjust enrichment because he received the product he intended to purchase, with no defects, and can continue to use the product as intended.  Defendants thus received no payment that was "unjust" under these facts.  "To prove a claim for unjust enrichment, a party must demonstrate that the opposing party 'received a benefit and that *retention of that benefit without payment would be unjust*.'"  *Thieme v. Aucoin-Thieme*, 227 N.J. 269, 288 (N.J. 2016) (*quoting Iliadis v. Wal-Mart Stores, Inc.*, 1991 N.J. 88, 110 (2007)) (emphasis added); *Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 417 (D.N.J. 2014) (dismissing unjust enrichment claim when pain reliever worked as intended).  Plaintiff makes no argument that he cannot now use the product or that it has not performed as intended.  Plaintiff thus paid a fair price for the product and cannot argue that he is owed any equitable remuneration.

Indeed, as demonstrated above, all of the statements Plaintiff allegedly relied upon were true.  And true statements cannot support a claim for unjust enrichment. *Adamson v. Ortho-McNeil Pharmaceutical, Inc.*, 463 F. Supp. 2d 496, 505 (D.N.J. 2006) (dismissing unjust enrichment claim when "none of the statements upon which Plaintiff relies contain actionable misrepresentations and omissions.").  Defendants were not unjustly enriched; they provided the product that Plaintiff

intended to purchase.  Plaintiff's unjust enrichment claim therefore should be dismissed.

## V.   PLAINTIFF'S CAUSE OF ACTION FOR "MONEY HAD AND RECEIVED" SHOULD BE DISMISSED AS DUPLICATIVE OF HIS UNJUST ENRICHMENT CLAIM

Plaintiff's cause of action for "money had and received" is an equitable remedy that is duplicative of his unjust enrichment claim.  It should be dismissed as unnecessary because it lacks merit for the same reasons as his unjust enrichment claims.

"Courts have treated claims for 'unjust enrichment' and 'money had and received' as essentially the same claim." *Chen v. Cline*, Civ. No. 12-3051, 2013 WL 776238, at *6 fn. 6 (D.N.J. Feb. 27, 2013) *citing New York Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co., Inc.*, Civ. No. 10-148, 2012 WL 209349, at *2 n. 2 (D.N.J. Jan. 24, 2012); *see also In re: Riddell Concussion Reduction Litig.*, 121 F. Supp. 3d 402, 423 fn. 22 (D.N.J. Aug. 3, 2015).

As such, the "money had and received claim" is a redundant and unnecessary cause of action that should be dismissed.  *See US LEC Communications LLC v. Qwest Communications Co., LLC*, Civ. No. 10-4106, 2011 WL 2474262, at *4 (D.N.J. June 20, 2011) ("Alternative pleading, which is permitted, allows a party to plead different theories of a claim when the relevant factual or legal issues differ, or

they afford different relief.  Redundant pleading, which is not permitted, pleads as separate claims causes of action with identical elements and potential relief.").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed in its entirety for lack of subject-matter jurisdiction under Rule 12(b)(1) and/or for failure to state a claim under Rule 12(b)(6).

Respectfully submitted,

Dated:   February 16, 2021

**SCHIFF HARDIN LLP**
A Limited Liability Partnership
Formed in the State of Illinois

By: */s/ Brett F. Clements*

Brett F. Clements (BC6262)
4 Embarcadero Center, Suite 1350
San Francisco, CA 94111
415.901.8700
bclements@schiffhardin.com

Jill L. Berry (JB4649)
1185 Avenue of the Americas, Suite 3000
New York, NY 10036
212.753.5000
jberry@schiffhardin.com

*Attorneys for Defendants Newell Brands*
*Inc. and Graco Children's Products Inc.*